D. J. BARNETT *v.* J. N. NICHOLS.

1. LIMITATION OF ACTIONS. *Debtor not allowed to plead the statute. Chancery.*
   Where a debtor verbally agrees to convey to his creditor a certain tract of land in payment of the debt, and in pursuance of the agreement delivers possession of the land to the creditor, but, although often applied to by the creditor for a deed, delays giving one until the debt is barred by the Statute of Limitations, a court of equity will not permit him to claim the land and also to plead the bar of the statute against the debt.

2. CHANCERY. *Specific performance. Enforcement of trust-deed. Relief, — specific, general.*
   Where a bill is filed by a creditor holding a deed of trust on a tract of land, of which he is in possession by a verbal agreement of the debtor to convey the same to him in satisfaction of the debt secured by the deed of trust, and also an unsecured debt, and the prayer is for the enforcement of the contract to convey the land, or, if that cannot be done, for a sale of the land and the application of the proceeds to the payment of both debts, no relief can be administered in either of the forms in which it is specifically asked; but, under the prayer for general relief, the court will charge the land with the debt secured by the deed of trust, and, in a proper case for equitable interposition, will render a personal judgment against the defendant for the unsecured debt.

3. SAME. *Jurisdiction. Statute of Limitations. Personal judgment.*
  Where a creditor, relying upon an invalid payment of his debt, which both
    parties treated as satisfaction thereof, allowed the debt to be barred by the
    Statute of Limitations, and then has recourse to a court of equity to prevent
    the debtor's committing a fraud upon him by pleading the bar of the statute
    against his debt, the court has the power to administer full relief by giving a
    personal judgment against the defendant.

4. LAND. *Contract to convey.    Void description.*
  An agreement to convey a tract of land described as " my land, the entire tract,
    728 acres," cannot be enforced in equity, because of the patent ambiguity in
    such description.

APPEAL from the Chancery Court of Madison County.

Hon. E. G. PEYTON, Chancellor.

The case is fully stated in the opinion of the court.

*John Handy*, for the appellant.

1. The bill shows that there was no contract between the
parties of which a court of equity can decree performance.
Sugden on Vend., sect. 3, chap. 4, arts. 9, 10.

2. If the contract set forth in the bill ever existed, the facts
stated show an abandonment thereof by both parties, and the
substitution of a new agreement.   Sugden on Vend., sect. 9,
chap. 4, arts. 1–3 ; Browne on Stat. Fr., sect. 432 *et seq*.

3. The writing set up as a contract is void for uncertainty.
The description of the land has no reference to section, town-
ship, range, county, or State.    Under the Statute of Frauds,
the words of description must contain, in themselves, such
particularity as will guide to the premises.    1 Greenl. on Ev.,
sect. 268 ; 52 Miss. 596 ; 13 Smed. & M. 320 ; 6 Gill, 66 ; 9
Gill, 205 ; *Thomas* v. *Turney*, 1 Har. & G. 435 ; *Fisher* v.
*Kuhn*, 54 Miss.

4. The conduct of Barnett in promising Nichols to execute
a new deed of trust, and failing to do so, does not estop him
from setting up the Statute of Limitations.    The parol promise
to execute a deed of trust is within the Statute of Frauds.
*Skaggs* v. *Nelson*, 3 Cushm. 88 ; *Box* v. *Stanford*, 13 Smed.
& M. 93 ; 7 N. Y. Prac. 417 ; Browne on Stat. Fr. 439, 445 ;
Herman on Estop., sect. 408 ;   *Cook* v. *Lindsay*, 31 Miss. 455.

Nor is Barnett, by his proposal made to, and accepted by, Nichols, estopped from setting up the Statute of Limitations. The proposal was made two years before the debt became barred, and during all that time Nichols slept upon his rights. There was no fraud on the part of Barnett, for he had forewarned Nichols. But if there had been fraud intended, Nichols had " seasonable, actual knowledge of it," and cannot, therefore, invoke the aid of a court of equity. Ang. on Lim., sect. 190 ; *Buckner* v. *Colcote*, 28 Miss. 432 ; *Cook* v. *Lindsay*, 31 Miss. 455. Even an express promise not to plead the Statute of Limitations, in consideration of forbearance of suit, is void. *Crane* v. *French*, 38 Miss. 503. Can an estoppel be predicated on conduct, where it could not be created by an express promise?

*John Handy* also made an oral argument.

*R. C. Smith*, for the appellee.

1. The agreement evidenced by the letter from Barnett to Nichols is not void because of the failure to describe the land sufficiently ; but if the description is defective, there is only a latent ambiguity, and it may be explained by parol evidence. *Fisher* v. *Kuhn*, 54 Miss. 484 ; *Prater* v. *Miller*, 3 Hanks, 628 ; Fry on Spec. Perf. of Con. 156–169 ; *Foute* v. *Fairman*, 48 Miss. 537. It is not necessary that the State, county, range, or township in which the land is situated should be gnated. *Hanna* v. *Renfro*, 32 Miss. 125.

2. Barnett is estopped to set up the Statute of Limitations or the Statute of Frauds, and he is estopped from claiming title to the lands. By his false promises and fraudulent conduct, Barnett induced Nichols not to assert his rights. Nichols, relying upon such false promises and fraudulent conduct, believed that the indebtedness had been settled according to the terms of the proposition made by Barnett and accepted by him ; and, acting under this belief, Nichols refrained from taking steps to collect his debts until they had become barred by the Statute of Limitations. The *status quo* should be maintained, so that Nichols will lose nothing by the fraudulent acts and

promises of Barnett. *Staton* v. *Bryant*, 55 Miss. 274, and cases there cited ; Big. on Estop. 463, 518, 525. It does not matter whether such fraudulent conduct be active or passive. Story's Eq. Jur. 584–586 ; *Tobin* v. *Allen*, 53 Miss. 566. No one shall be permitted to take advantage of his own wrong. Broom's Leg. Max. 278 ; *Cock* v. *Kuykendall*, 41 Miss. 65. Barnett should not be permitted to plead the Statute of Frauds, on the ground that a .party cannot plead that statute to enable him to commit a fraud. 1 Dan. Ch. Pr. 657.

3. The bill contains sufficient equity to entitle the complainant to the relief sought.

*R. C. Smith* also argued the case orally.

CHALMERS, J., delivered the opinion of the court.

The bill details a state of facts which, if true, shows, an extraordinary degree of credulous trust and confidence on one side, and of bad faith on the other. The parties were neighbors, and confidential and intimate friends. Barnett, who was without means, borrowed from Nichols $847, with which to make the first payment on a tract of land which he had purchased from another. To secure repayment of it, he executed his note, secured by a trust-deed on the land. Twelve months afterwards, he borrowed from his friend the further sum of $1,000, with which he made to his vendor the second payment on the land ; and this sum, also, he promised to secure by note and trust-deed, but it was deferred from time to time, and never done.

A year later, his vendor having filed a bill and recovered a decree against him upon the third and last note, for $1,756, and being about to sell him out, he again applied to complainant, and received from him, without any written evidence of the loan, the money necessary to pay off and satisfy the decree.

Complainant had thus advanced the entire purchase-money of the plantation ; and, save for the amount first advanced, ($847), he had no written evidence whatever.

It was fully understood and agreed that the sums subsequently advanced were to be protected, as was the first, by a mortgage on the land, and complainant frequently demanded that it should be done, but it was delayed and deferred until the entire debt was about to become barred by the Statute of Limitations. Shortly before the bar would have attached, complainant having become somewhat importunate that something should be done, defendant wrote him a note, proposing to convey to him the entire plantation in satisfaction of the debt, if complainant would sell back to him certain designated portions of it at $6 per acre, in three annual instalments.

Complainant verbally accepted the offer, with a slight modification, which was consented to, and defendant at once yielded up possession of the land, except that portion which it was agreed that he should repurchase. No writings of any kind, save the above-mentioned note or letter, were drawn up, but each party took, and has continuously remained in possession, in severalty, of the portion he was to own. Complainant has repeatedly pressed defendant for a deed, offering always to carry out the agreement on his part by a reconveyance, at the stipulated price, of the portion occupied by defendant. Defendant not only refuses to make a conveyance, but is threatening, by an action of ejectment, to dispossess complainant of that portion of the land occupied by him. In the meantime, complainant's claims on defendant for the money loaned have become barred by the Statute of Limitations, both as to the amount secured by the trust-deed and the unsecured sums.

These are the facts charged by the bill and admitted by the demurrer. The prayer is that the contract to convey, embodied in the letter and verbally accepted by complainant, and practically carried into effect by the possession thereunder, may be enforced by the execution of proper conveyances ; or that, if this cannot be done, the land may, by a sale, be subjected to the entire amount due complainant. Certainly the relief asked should be granted, if consistent with the estab-

lished principles of law ; but an insuparable barrier stands in the way. We cannot fasten a charge upon the land for any sum beyond that secured by the trust-deed, because there was no contract to that effect ; and it is impossible to decree a specific performance of the agreement evidenced by the letter, because of the patent ambiguity in the description of the land. It is simply referred to as " my land," " the entire tract, 728 acres," without other location or description. There is, it is true, a somewhat more definite designation of the portions which are to be resold to defendant ; but while we are entitled to look to these in order to determine what land is spoken of in the previous portion, we find ourselves, even with their aid, destitute of *data* sufficient to identify the tract ; nor is any thing pointed to in the writing which authorizes us to admit extrinsic evidence. It is impossible, therefore, to administer relief in either one of the specific forms in which it is asked. But, defendant having induced complainant to accept his proposition in satisfaction of the debt, and thereby to forbear to take steps to collect it, will not be now allowed to plead the Statute of Limitations against that debt. Having agreed to make payment in a particular manner, and having practically acted upon this agreement, he cannot repudiate it without a restoration of the *status quo.* While complainant, by his own folly, fails to get the legal title to which, in justice, he is entitled, defendant will not be permitted to add to the bad faith charged against him, by setting up the Statute of Limitations against the debts which he has induced complainant to believe were paid off.

We are powerless to compel a performance of his contract, but we can restrain him from the perpetration of a fraud. *Staton* v. *Bryant*, 55 Miss. 274 ; *Laing* v. *McKee*, 13 Mich. 124.

Complainant will be entitled, under the prayer for general relief, if he succeeds at the final hearing in establishing the facts charged in the bill, to a decree of foreclosure of the trust-deed for the $847, and interest. Nor will the relief stop there. Inasmuch as the Court of Chancery must investigate the fact of indebtedness upon the unsecured sums, with a view

of determining whether the fraudulent conduct charged in the bill should operate to preclude the setting up of the Statute of Limitations against it, there can be no reason why, if it should determine affirmatively both as to the indebtedness and as to the fraud, it should not administer full relief without remanding the parties to an action at law.

It is the settled doctrine that full relief will be administered in a Court of Chancery where the bar has attached during the pendency of unfounded litigation instituted by the debtor; and no substantial difference in principle is seen between such a case and one where it has attached while the creditor was relying upon an invalid payment, which both parties had treated as satisfactory.  2 Story's Eq. Jur., sects. 1316*a*, 1521; *Hunt v. Knox,* 34 Miss. 656.

If, therefore, the facts charged are established, complainant will be entitled to a decree *in personam* for the unsecured sums due him.

Decree overruling demurrer affirmed, with leave to answer within sixty days.