## S. F. McAllister v. R. A. Honea.

1. FRAUDULENT CONVEYANCE.  *Payment of debts.  Preference.*

   A conveyance in honest payment of a debt is not rendered fraudulent because brought about by the action of other creditors in pressing for collection of their debts.

2. DEED.  *Description.  Patent ambiguity in exception.*

   If there be a patent ambiguity in the description of land excepted from a conveyance, the exception, not the deed, is void for uncertainty.

FROM the chancery court of Monroe county.

HON. BAXTER McFARLAND, Chancellor.

R. A. Honea, claiming to be the real owner of certain land, filed this bill against Mrs. S. F. McAllister to cancel, as a cloud on his title, her claim thereto.    Complainant and defendant claim title from a common source—Honea claiming under an execution sale of the land as the property of Mrs. M. E. Burkitt, and Mrs. McAllister claiming under a convey-ance from Mrs. Burkitt.    On January 28, 1892, Mrs. Burkitt, being at the time in the undisputed possession and ownership of the land, executed a trust-deed thereon to secure a large indebtedness in favor of Mrs. McAllister, her mother, to mature January 1, 1893.    At that time she was largely indebted to sundry creditors, who were pressing for payment of their debts.    She was indebted, among others, to appellee, R. A. Honea, who brought suit, and, in March, 1892, recovered judgment, which he caused to be promptly enrolled. In June, 1892, Mrs. Burkitt conveyed the lands to her mother, Mrs. McAllister, reciting, as the consideration, that it was in payment of the debt secured by the trust-deed previously executed, and further reciting that Mrs. McAllister assumed the payment of a certain debt due by Mrs. Burkitt. Subsequently, during the same year, other creditors of Mrs.

Burkitt obtained judgment, and executions were issued on them, and levied on the land in controversy, and it was sold and bought at execution sale by appellee.

Complainant seeks to cancel the title of Mrs. McAllister, on the ground that the trust-deed in her favor, executed by Mrs. Burkitt, and the subsequent conveyance in payment of the debt, were fraudulent as to creditors. The circumstances mainly relied on by complainant to show the fraudulent character of these conveyances are that the transaction was one between an only daughter and a widowed mother, who lived together; that the existence of any indebtedness to the mother was unknown to any one, and especially to the other creditors of Mrs. Burkitt, who were, for the most part, local merchants; that Mrs. Burkitt had sought indulgence from her creditors by assuring them that she only owed the amounts due such merchants; that she had sought to borrow money to pay these debts; that afterwards, when her creditors were pressing and threatening suit, she executed the trust-deed to her mother to secure an alleged debt of $3,000 to mature January 1, 1893; that in June following, after appellee. Honea, had recovered judgment, but before maturity of the debt secured by the trust-deed, she conveyed the land to her mother. It was also shown that Mrs. McAllister had never rendered in for assessment and taxation the debt claimed to be due by Mrs. Burkitt.

On the other hand, defendant introduced evidence tending to show that the indebtedness was genuine, and this evidence was sufficient to control the court below in finding that the trust-deed and subsequent conveyance were executed in good faith.

As to part of the land in controversy, complainant sought to cancel the title because of an alleged patent ambiguity in its description. The facts touching this branch of the controversy are sufficiently stated in the opinion.

The decree of the court below denied complainant relief except as to that part of the land the description of which

was alleged to be insufficient, and canceled the defendant's claim as to this; and from this decree the defendant has appealed, and the complainant prosecutes a cross-appeal.

*Clifton & Eckford,* for appellant and cross-appellee.

*E. H. Bristow* and *Houston & Reynolds,* for appellee and cross-appellant.

Cooper, J., delivered the opinion of the court.

Although the settlement between Mrs. Burkitt and Mrs. McAllister was evidently made necessary, and was, in fact, brought about by the action of the creditors of Mrs. Burkitt in pressing collection of their demands by suits, this does not of itself stamp that settlement as fraudulent, if in truth Mrs. Burkitt really owed Mrs. McAllister the amount for which she executed the note and deed of trust, and afterwards the absolute deed, which are assailed by complainant. The decisive question is whether the debt was a real debt and the conveyance made in its honest payment. It is not suggested in the evidence that the value of the land exceeds the sum claimed to have been due, and, if it does not, and the debt was due, it would be difficult to predicate fraud of the conveyance. While the evidence touching the existence of the debt is not as complete as it might have been made if the parties themselves had testified, we are not prepared to say that the conclusion reached by the chancellor as to the good faith of the transaction is not correct. The decree on the appeal of Honea is therefore affirmed.

A part of the land conveyed by Mrs. Burkitt is described as the " north half, less six acres, of section fourteen, township fourteen, range six east, in Monroe county, Mississippi." This description the chancellor held void for uncertainty, and, since there had been no visible change of possession, he decreed that the lien of the judgments under which complainant purchased was superior to the right secured by Mrs. Mc-

Allister by her deed from Mrs. Burkitt or by the deed of trust which had been previously executed, in which the same description of the land appeared. In this the chancellor erred. The ambiguity of description relates not to the land conveyed, but to the six acres excepted. The land conveyed is the north half of the section; the exception is of an undescribed six acres. An exception is a clause of a deed whereby the grantor excepts something out of that which he had before granted by the deed, and to a good exception these things must concur: (1) The exception must be by apt words; (2) it must be of part of the thing granted, and not of some other thing; (3) it must be a part of the thing only, and not of all, the greater part or the effect of the thing granted; (4) it must be of such thing as is severable from the thing which is granted, and not of an inseparable incident; (5) it must be such a thing as he that doth except may have and doth properly belong to him; (6) it must be of a particular thing out of a general, and not of a particular thing out of a particular thing, or of a part out of a certainty; (7) it must be certainly described and set down. Shep. Touchstone, 77. Being the act and word of the grantor, it shall therefore be taken against him *stricte*. *Id.;* 10 Coke, 106*b*. If there be uncertainty as to the exception, the grantee, and not the grantor, shall have the benefit thereof. *Jackson* v. *Hudson*, 3 Johns., 375; *Jackson* v. *Gardner*, 8 *Ib.*, 191; 2 Devlin on Deeds, 979. The exception, and not the deed as to the land in section fourteen, was void for uncertainty in the description of its subject-matter.

The decree is reversed upon the appeal of Mrs. McAllister, and it results that complainant is not entitled to any relief; wherefore, let his bill be dismissed.

*Reversed, and bill dismissed.*