THOMAS NUNNERY v. THADDEUS F. FORD.

[45 South., 722.]

DEEDS. *Description. Exception. Ambiguity.*

> A deed conveying a designated tract of land by apt description fol-
> lowed by the words "except two acres, more or less, lying on the
> north side of Little Creek, running west on the north side of said
> land," conveys the entire tract, and the exception is void for un-
> certainty, where there are eleven acres north of the creek.

FROM the circuit court of Amite county.

HON. MOYSE H. WILKINSON, Judge.

Nunnery, appellant, was plaintiff in the court below, and
Ford, appellee, defendant there. From a judgment, directed
by the court, in defendant's favor plaintiff appealed to the su-
preme court.

In January, 1900, Ford, appellee, being the owner of the
south half of the southeast quarter of section 16, township 4,
range 4, in Amite county, eighty acres, conveyed to one Eth-
ridge land described in his deed of conveyance as "south half
of the southeast quarter, except two acres, more or less, lying
on north side of Little creek running west on north side of said
described land above mentioned, of south half of southeast quar-
ter of section 16, township 4, range 4, containing eighty acres,
more or less," in the county mentioned. In 1906 Ethridge con-
veyed the same land to appellant, Nunnery, the deed describing
it in the same way. There are eleven acres of land, in the eighth
of the section, north of the creek, and Ford claimed the whole
of the eleven acre tract as excepted from his deed to Ethridge.
Nunnery, appellant, asserting title to the whole eighty acres in
the section, instituted an ejectment against Ford for the eighty
acres. Defendant's plea limited his defense to the eleven acres.
The trial court sustained defendant's motion to exclude the evi-

dence, and directed a verdict and judgment in favor of the defendant, Ford.

*L. H. McGehee,* for appellant.

If a patent ambiguity exists in the description of the land, no evidence can be admissible to identify the property excepted, and the reservation must be held to be void. If, however, the ambiguity is latent, and there are eleven acres north of the creek, then evidence *aliunde* is admissible to show such fact, and to show, further, that the reservation is void, notwithstanding it may appear on the face of the deed.

If one half of the whole eighty acre tract were north of the creek, appellee certainly could not claim the entire half by virtue of the exception of two acres; nor could he, in such case, claim the two acres, because in such event the description would be void for uncertainty.

As authority for the appellant's contention, see *McAllister* v. *Honea,* 71 Miss., 256, 14 South., 264; *Spears* v. *Robinson,* 71 Miss., 774, 15 South., 111; *Tierney* v. *Brown,* 65 Miss., 563, 5 South., 104; *Price* v. *Ferguson,* 66 Miss., 404, 6 South., 210.

*J. T. Lowrey,* for appellee.

It is clear that the intention of both Ford and Ethridge, in executing the deed of conveyance in 1900, was to reserve all land lying north of the creek. And if the deed shows clearly the intention of the parties, parol evidence is inadmissible to change its terms. The reservation in the deed is susceptible of only one meaning. There is no ambiguity. Anderson's Law Dict., 54.

An exception is a clause of a deed whereby the grantor excepts something out of that which he had before granted by the deed, and to a good exception seven things must concur: (1) the exception must be by apt words; (2) it must be part of the thing granted, and not of some other thing; (3) it must be a part of the thing only, and not of all, the greater part or the

effect of the thing granted; (4) it must be such thing as is severable from the thing which is granted, and not of an inseparable incident; (5) it must be such a thing as he that doth except may have and doth properly belong to him; (6) it must be of a particular thing out of a general, and not of a particular thing out of a particular, or of a part out of a certainty; (7) it must be certainly described and set down. Shep. Touchstone, 77; *McAllister* v. *Honea,* 71 Miss., 259, 14 South., 264.

Certainly the words used in the exception in Ford's deed are apt words; and the "two acres, more or less," are referred to as part of the eighty acres, and are "severable from the thing granted," as they lie north of the creek. It is not denied that the land excepted belonged to Ford, and certainly the description in the reservation is sufficient. It thus clearly follows that the reservation was valid.

CALHOON, J., delivered the opinion of the court.

Nunnery brought ejectment to recover eighty acres of land. He claims under a conveyance from Ford to the grantor of his grantor. This conveyance is of the land sued for, properly described, "except two acres, more or less, lying on north side of Little creek." It seems that in fact there were eleven acres north of that creek. The defense was for that only.

The exception is void for uncertainty, and Nunnery took at law the whole eighty acres. If the exception had been of all the land north of the creek, being or containing two acres, more or less, the rule would have been different. As it is, no one could find what is excepted. *Doe* v. *Curtis,* 3 How. (Miss.), 230; *Bowers* v. *Andrews,* 52 Miss., 596; *Haughton* v. *Sartor,* 71 Miss., 357, 15 South., 71; *McAllister* v. *Honea,* 71 Miss., 256, 14 South., 264; *Spears* v. *Robinson,* 71 Miss., 774, 15 South., 111; *Barnett* v. *Nichols,* 56 Miss., 622; *Tierney* v. *Brown,* 65 Miss., 563, 5 South., 104, 7 Am. St. Rep., 679. This is a time-honored and necessary principle, and is universal.

*Reversed and remanded.*