(No. 15246.—Decree affirmed.)

HARLOW D. HIGINBOTHAM, Appellee, *vs.* HENRY A. BLAIR
*et al.* Appellants.

*Opinion filed June 20, 1923.*

1. DEEDS—*when the grantor's ownership may be proved by ex-trinsic evidence.* The purpose of a description of land in a deed is to identify the subject matter of the grant, and if an element of the description is the ownership of the property, such owner-ship may be proved by extrinsic evidence to identify the subject matter; but such evidence cannot be relied upon to include in the grant any other property than is actually conveyed, and where a de-scription designates particular property as belonging to the grantor, extrinsic evidence is admitted only to apply the description to the designated property.

2. SAME—*a patent ambiguity cannot be cured by extrinsic evi-dence.* Where a description in a deed contains a patent ambiguity or one which appears on the face of the writing itself the uncer-tainty of the description cannot be cured by extrinsic evidence, but the court will receive evidence of the circumstances of the execu-tion of the instrument so as to place itself in the situation of the parties at the time.

3. SAME—*construction of a deed depends upon its language.* A deed speaks for itself, and as the only purpose of construing a deed is to find out what it means, its construction must depend upon the language used.

4. SAME—*extrinsic evidence is admissible to discover and ex-plain latent ambiguity.* A latent ambiguity occurs where a writing appears on its face clear and unambiguous, but which, in fact, as shown by extrinsic evidence, is uncertain in meaning, or where a description apparently clear and unambiguous is shown to fit dif-ferent property or different things, and in such cases, the ambiguity being raised by extrinsic evidence, the same kind of evidence may be admitted to explain it or to identify the person or thing referred to in the writing.

5. SAME—*when exception is void because of patent ambiguity—evidence.* Where a deed conveys a certain quarter section of land, "except 39.20 acres," there is an uncertainty as to the meaning of the exception, and extrinsic evidence is not admissible to prove what land the grantor owned in said quarter section but the excep-tion must be held void for uncertainty, and the grantee will take the quarter section conveyed or whatever land is owned by the grantor therein.

6. SAME—*when description must prevail over exception in deed.* Where the description in a deed is plain and unambiguous in its terms but is followed by an exception which is ambiguous and describes nothing, the exception must be rejected and the description as originally given must prevail.

APPEAL from the Circuit Court of Will county; the Hon. ARTHUR W. DESELM, Judge, presiding.

WETTEN, PEGLER & DALE, and DONOVAN & BRAY, for appellants.

SNAPP, HEISE & SNAPP, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, Harlow D. Higinbotham, filed his bill of complaint in the circuit court of Will county praying the court to quiet his title to certain tracts of land therein described, including tracts containing about thirteen acres in section 12, township 35, range 10, to which he claimed title by warranty deed executed April 30, 1910, by Harlow N. Higinbotham conveying the same to him, and he also claimed title by seven years' possession and payment of taxes under the alleged color of title acquired by the deed. The bill alleged that Harlow N. Higinbotham, after conveying the premises to the appellee, executed a warranty deed on September 4, 1918, to Harry M. Higinbotham purporting to convey the same land; that Harry M. Higinbotham died in March, 1920, leaving three minor children his heirs-at-law, and leaving a last will and testament, of which Henry A. Blair, Chauncey B. Borland and Emil C. Wetten were executors; that Blair was also guardian of the estates of the minor children; that the executors, under a power of sale in the will, sold the premises and executed a deed thereof in 1920 to Robert Pilcher, and Pilcher and wife conveyed the premises to the city of Joliet. The

bill made the executors, the minor heirs and their guardian, Pilcher and the city of Joliet defendants. A guardian *ad litem* was appointed for the minors and filed the usual answer. The executors and the guardian of the estates of the minors filed their joint and several answer, admitting the making of the several deeds, the death of Harry M. Higinbotham testate, the sale and conveyance under the power given by the will and the subsequent conveyances as alleged but denying the other allegations of the bill. Pilcher and the city of Joliet filed a joint and several answer subsequently, to the same effect. There was a hearing before the chancellor, when the Joliet Park District was also made a defendant, and the answer of the city of Joliet stood as the answer of the park district. The hearing resulted in a decree finding that the appellee was the owner in fee simple of the lands in dispute and quieting his title as against any interest, claim or demand of any of the appellants, and they appealed from the decree.

On April 30, 1910, Harlow N. Higinbotham executed a warranty deed to his son, the complainant, Harlow D. Higinbotham, and the deed described the premises conveyed as follows: "The southeast quarter (S. E. ¼) of section twelve (12), township thirty-five (35), north, range ten (10), east of the third principal meridian, except 39.20 acres, situated in Will county, Illinois." On September 4, 1918, Harlow N. Higinbotham executed a deed to another son, Harry M. Higinbotham, in which the premises conveyed were described as follows: "That part of the southeast quarter (S. E. ¼) of section twelve (12), township thirty-five (35), north, range ten (10), east of the third principal meridian, lying north of the Chicago, Rock Island and Pacific right of way, excepting therefrom the land now owned by the city of Joliet and J. R. Hobbs, this said land being about thirteen (13) acres." Harry M. Higinbotham died in March, 1920, leaving a last will and testament, which gave to his executors a power of sale, and the ex-

ecutors executed a deed of the premises to Robert Pilcher, who deeded the same to the city of Joliet, as alleged in the bill.

A great deal of evidence was introduced by the complainant, over the objection of the defendants, to prove that there were 39.20 acres of land in the southeast quarter of section 12 not owned by Harlow N. Higinbotham when he made the deed to the complainant, and that he did own the thirteen acres in controversy. This evidence consisted of various deeds to Harlow N. Higinbotham of tracts in that quarter section, a plat, purporting to have been made in 1898, bearing tracings in ink and pencil marks, and a blue-print showing lines of surveys and lines platted from deeds. This evidence was offered for the purpose of showing an intent of Harlow N. Higinbotham to convey by the description in his deed to the complainant the thirteen acres in controversy, and it was both incompetent and ineffectual for such purpose. The purpose of a description of land contained in a deed is to identify the subject matter of the grant, and if an element of the description is ownership of the property, such ownership may be proved by extrinsic evidence to identify such subject matter. It was on this ground that such evidence was held admissible in *Allen v. Bowen,* 105 Ill. 361, where the description was, "my house and lot in Patoka," and in *Cumberledge v. Brooks,* 235 Ill. 249, where the description was, "my undivided interest in the Chicago lots." Such a description designates particular property as belonging to the grantor and is clear and definite on the face of the deed, and the effect of extrinsic evidence is to apply the description to the designated property. Similar conditions existed in *Choteau v. Jones,* 11 Ill. 300, *Dickenson v. Breeden,* 30 id. 279, *Worden v. Williams,* 24 id. 67, and *Colcord v. Alexander,* 67 id. 581. Land is conveyed only by writing, and it was not decided in any of those cases that one may acquire title to the land of another unless the owner has conveyed it to him.

The description in the deed to the complainant of the
southeast quarter of section 12 was clear, definite and cer-
tain and not subject to be changed or varied by parol, and
there was an exception of an undescribed and unidentified
39.20 acres which could not be found or located from any-
thing contained in the deed. It is a long established rule
of law that a patent ambiguity in a deed cannot be ex-
plained by extrinsic evidence. (*Lane* v. *Sharpe*, 3 Scam.
566; *Cook* v. *Whiting*, 16 Ill. 480; *Panton* v. *Tefft*, 22 id.
367; *Shackleford* v. *Bailey*, 35 id. 387; *Alleman* v. *Ham-
mond*, 209 id. 70; 1 Greenleaf on Evidence, sec. 297;
22 Corpus Juris, 1191; 10 R. C. L. 263.) Such an am-
biguity is one which appears on the face of the writing it-
self, and while the court will receive evidence of the sur-
rounding circumstances and collateral facts, so as to place
itself in the situation of the parties at the time of executing
the instrument, if there still remains incurable and hopeless
uncertainty it cannot be cured by extrinsic evidence. A deed
speaks for itself, and the only purpose of construction is
to find out what it means, and that depends upon the lan-
guage used. A latent ambiguity is one where the writing
upon its face appears clear and unambiguous but there is
some collateral matter which may be raised by extrinsic
evidence making the meaning uncertain, and the ambiguity
being raised by extrinsic evidence the same kind of evidence
is admitted to remove it. (*Doyle* v. *Teas*, 4 Scam. 202;
*Marshall* v. *Gridley*, 46 Ill. 247; *Fisher* v. *Quackenbush*,
83 id. 310; *Harman* v. *People*, 214 id. 454.) The am-
biguity being raised by outside evidence and explained by
the same character of evidence, the effect is not to change
the contract but to apply its provisions to certain property.
It has been said that while the rule is settled and definite
there has been some confusion in decisions, arising from
the application of the rule to the language of particular
instruments and incorrect meanings of the terms employed.
An instrument may appear clear and unambiguous but there

may be a question of identity so that the description may fit different property or different things, and evidence outside of the instrument may be introduced to identify the person or thing. In *Evans* v. *Gerry,* 174 Ill. 595, there was a contract for the exchange of properties in the city of Highland Park, and a tract was described as a certain lot in block 75, in the city of Highland Park, as per a recorded plat, and this was perfectly clear on its face, but it was shown by outside evidence that there was no block by that number in the original plat but there was a block 75 in an addition. The effect of the evidence was not to change the contract but to apply its provisions to certain property. In *Brenneman* v. *Dillon,* 296 Ill. 140, the description of the property conveyed was clear, definite and unambiguous but extrinsic evidence showed that the description was incorrect in many particulars, and it was competent to prove by the same kind of evidence what property was conveyed, and incorrect matters of description being eliminated there remained sufficient to enable the court to apply the deed to the intended property. In *Marske* v. *Willard,* 169 Ill. 276, there was a lease in which the block, subdivision and town were stated but the number of the lot was omitted. The lease was executed by the parties by taking possession, holding the same and paying rent, and there was an option to purchase the leased property. The contract of lease having been executed by taking possession and paying rent, it was held that an option to purchase the leased property applied, and this might well have been placed on the doctrine of estoppel. In *Alleman* v. *Hammond, supra,* the question arose in an action of ejectment where a tax deed described property as the east side, except the southeast corner, of a quarter section. The excepted tract was not ascertainable either in its location, the extent of acreage or otherwise, and manifestly the description of the property conveyed and the location of it were rendered uncertain and ambiguous on the

face of the instrument itself. The rule that such an ambiguity could not be removed by parol proof was applied.

In this case the court having looked to the circumstances of the parties, the subject matter of the deed and any competent collateral facts, would still be uncertain as to what the meaning of the written words, "except 39.20 acres," would be, and it was a case of incurable uncertainty on the face of the deed, which could not be removed by extrinsic evidence. The ambiguity is the same which existed in *Shackleford* v. *Bailey, supra,* where there was a deed for thirty-four acres of land out of a certain tract without specifying the part of the tract out of which it was to be taken, and the court said the deed was void for uncertainty, as the land could not be located. The same rule necessarily applies to an excepted portion of a tract conveyed by definite terms. This was decided in *Attebery* v. *Blair,* 244 Ill. 363, where a deed made in 1864 conveyed lands by certain and definite description but excepted therefrom two acres which could not be located from a description of the same. It was held that the attempted description of the two acres being void for uncertainty and describing nothing, there was nothing excepted from the land conveyed. Where a description which is plain and unambiguous in its terms is followed by an exception which is ambiguous and uncertain and describes nothing, the latter must be rejected and the former prevail. The statutory warranty deed from Harlow N. Higinbotham to the complainant purported to convey the southeast quarter of section 12, and the exception was void for uncertainty. The deed left no right, title or interest in Harlow N. Higinbotham which he could afterward convey to Harry M. Higinbotham, and the conclusion of the chancellor was in accordance with the law.

The decree is affirmed.

*Decree affirmed.*