HARRY B. SHERMAN, *Tr. vs.* ARNOLD'S NECK BOAT CLUB.

MAY 10, 1940.

PRESENT: Moss, Capotosto and Baker, JJ.

Moss, J. This is a cause in equity begun by a bill for the construction of a trust deed dated April 15, 1916, acknowledged April 29, 1916, and duly recorded in the records of

land evidence in what was then the town and is now the city of Warwick in this state.

By this deed, which was filed as an exhibit in the cause, the respondent, a Rhode Island corporation, conveyed certain real estate in Warwick to the complainant as trustee, to secure the payment of certain bonds issued by the respondent. It also gave to the complainant, as trustee under the deed, a power, to be exercised under certain conditions, to sell such real estate upon default in payment of the bonds. These conditions having been satisfied, the complainant, as such trustee, now proposes to sell such real estate under and in accordance with the power vested in him by that deed.

The complainant set forth in his bill of complaint the facts above stated. He quoted from the deed the language by which the property conveyed thereby was described and which contained a certain exception. He also alleged that the language of that exception constituted such a cloud upon the title of the property as to impede or prevent a sale and conveyance by him of the property at a price approximating its real value. Wherefore, he prayed that the court construe the language of this exception and enter a decree finding the exception to be null and void.

The respondent accepted service of a subpoena in this cause, but did not file any answer or enter any appearance. Hence, a decree *pro confesso* was entered against it on motion of the complainant. The original trust deed above mentioned and a copy of the plat referred to therein, called the "Arnold's Neck Plat", were filed as exhibits and the cause was certified to this court for determination.

The land conveyed by the trust deed was described therein as two certain tracts or parcels of land in Warwick designated as Lot A and Lot B on this plat, "excepting only two lots of not more than ten thousand (10,000) square feet,

together, situated in the north-western corner of Lot A, and fronting on Wharf Avenue."

The plat covers a considerable tract of land bordering on the shore of the west side of Cowesett Bay. About ten streets are shown on it and 235 numbered lots. The plat also shows, as parts of the platted land, three larger, irregular lots marked as A, B and C respectively. The lots marked respectively B and C border directly on the shore. Lot A is a larger lot comprising an area somewhere about equal to eighteen of the numbered lots of average size on the plat.

On its north and northeast sides it borders on Wharf avenue. On its east side it borders for a short distance on Shore Walk; on its southeast side it borders on the sides of lots numbered 77 and 78; and on the south part of its southwest side it borders on Bay View Drive, which runs about northwest and southeast.

At what might properly be called the easterly corner of Wharf avenue and Bay View Drive, there is a rectangular lot marked as 70 and measuring 100 feet on Wharf avenue and 50 feet on Bay View Drive. As we interpret the plat, this lot 70 is shown as bordering on its northeast side on lot A, and not as included in it. Then, next to lot 70 and southeast of it and parallel with it, three lots of the same size and shape as lot 70 and all fronting on Bay View Drive, and numbered respectively 71, 72 and 73, are shown on the plat. Lot A, as we interpret the plat, is shown on it as an undivided tract of land, bordering on lots 70, 71, 72 and 73 and not including any of them.

The lots to be excepted from lot A according to the language of the trust deed are therein described as "two lots of not more than ten thousand (10,000) square feet, situated in the northwestern corner of lot A, and fronting on Wharf Avenue." But, on the plat, lot 70 has its *side* on

Wharf avenue and its *front* is on Bay View Drive; and not one of the other three lots in this group borders on Wharf avenue at all.

There is no evidence that any lots that would fit the language of the exception were laid out after the date of the above-mentioned plat; nor is there any further evidence, in the cause, which throws any light upon the question of what land was intended by the parties to the trust deed to be excepted from lot A as shown on the plat. In view of all the evidence which we have before us and which has any bearing on this matter, our conclusion is that lot A on the plat does not include any of the lots numbered 70, 71, 72 and 73 on the plat, and that we are unable to tell what land in lot A was intended by the parties to be excepted from the operation of the deed.

In such a situation as this it seems to be the clearly-established rule of law that no effect whatever can be given to the attempted exception. In 4 Tiffany, Real Property, (3d. ed.) § 975, the well-settled rule, as to exceptions in deeds conveying real estate, is stated as follows: "The part or thing excepted, it is said, must be described with such certainty that it may be identified, and an exception has not infrequently been held to be void for lack of certainty. But this requirement of certainty is, by a number of cases, subject to an important qualification, to the effect that there is sufficient certainty if the exact location of the excepted part is left to the election of the grantor, or, it seems, is capable of subsequent ascertainment otherwise. The effect of the invalidity of the exception out of the land conveyed, by reason of its indefiniteness, is that the whole tract passes by the conveyance as if no exception had been attempted."

There is nothing in the language of the exception in the instant cause which leaves to the election of the grantor the defining of the lots intended to be excepted. Nor is

there any evidence in the cause which indicates that the boundaries of such lots were or could be otherwise determined or ascertained.

It is our opinion that on the contrary this cause belongs in that class of cases in which exceptions in deeds of real estate have been held invalid by reason of too great indefiniteness in the descriptions of the lands intended to be excepted. See *Bromberg* v. *Smee,* 130 Ala. 601, 30 So. 483 (1901); *King* v. *King,* 80 W. V. 371, 92 S. E. 657 (1917); *Nunnery* v. *Ford,* 92 Miss. 263, 45 So. 722 (1908); *Seavey* v. *Williams,* 97 Ore. 310, 191 P. 779 (1920); *Higinbotham* v. *Blair,* 308 Ill. 568, 139 N. E. 909 (1923).

The case of *Higinbotham* v. *Blair, supra,* is typical. There at page 572 (910) the court says: "The description in the deed to the complainant of the southeast quarter of section 12 was clear, definite and certain and not subject to be changed or varied by parol, and there was an exception of an undescribed and unidentified 39.20 acres which could not be found or located from anything contained in the deed." The exception was therefore held void.

In the deed in the instant cause the language describing the two lots intended to be excepted from the large lot A is more definite than the language describing the land to be excepted in the *Higinbotham* case. But in our opinion it is not definite enough to make the exception valid.

We therefore determine that the exception in the trust deed in question in the instant cause is invalid; and we therefore construe the deed as having the same effect as if it contained no clause of exception.

On May 20, 1940, the parties may present to this court a form of decree to be entered in the superior court.

*Alfred H. Lake,* for complainant.

No appearance, for respondent.