DAY, et al. *v.* POUNDERS, et al.

No. 40469 April 22, 1957 94 So. 2d 620

*Richard B. Booth, Robert D. Patterson,* Aberdeen, for appellants.

*William S. Turner,* Aberdeen, for appellees.

Holmes, J.

Monla Gas Company, Inc., and others filed their original bill in the Chancery Court of Monroe County asserting title to certain leasehold, mineral and royalty inter-

ests in certain land in Monroe County, seeking to reform certain conveyances so as to correct an alleged error in the description of the land thereby intended to be conveyed, seeking a confirmation of their said asserted title, and the cancellation as clouds thereon of all adverse claims thereto.

Numerous parties were named as defendants to the original bill of complaint, and among them Frank Rogers Day and Clarence C. Day, as individuals and as executors of the estate of C. C. Day, deceased, and A. C. Pounders and his wife, Gussie Pounders. Decrees pro confesso were taken as against all of the defendants except Frank Rogers Day and Clarence C. Day, individually, and as executors of the estate of C. C. Day, deceased, and A. C. Pounders and his wife, Gussie Pounders.

A. C. Pounders and his wife, Gussie Pounders, answered the original bill and made their answer a cross-bill as against Frank Rogers Day and Clarence C. Day, individually, and as executors of the estate of C. C. Day, deceased. No issue was raised as to the title to the land described as the NW¼ of the SE¼ and the NE¼ of the SW¼ of Section 7, Township 15, Range 17 West, in Monroe County, Mississippi, or as to mineral reservations therein, but the cross-complainants asserted title by adverse possession to that part of the SE¼ of the SW¼ of Section 7, Township 15, Range 17 West, Monroe County, Mississippi, lying north and east of Reed-Brake Branch, and sought in their cross-bill to have such title confirmed in them, both as to the surface of the land and the minerals therein. By agreement of the parties issue was joined in short on said cross-bill and the case proceeded to trial as between the cross-complainants, A. C. Pounders and Gussie Pounders, and the cross-defendants, Frank Rogers Day and Clarence C. Day, individually and as executors of the estate of C. C. Day, deceased.

Upon the conclusion of the hearing, the chancellor entered a decree granting the prayer of the cross-bill and confirming in the cross-complainants, A. C. Pounders and Gussie Pounders, the fee simple title to the land described as that part of the SE¼ of the SW¼ of Section 7, Township 15, Range 17 West, Monroe County, Mississippi, lying north and east of Reed-Brake Branch, including title to both the surface of the land and the minerals therein, and cancelling mineral reservations contained in prior conveyances. It is from this decree that this appeal is prosecuted.

No contest is presented as to the title to the surface of the land involved. The contest is over the minerals in the land, it being contended by the appellants that the appellees acquired the land subject to a reservation of the minerals therein, and the contrary being contended by the appellees.

The facts as disclosed by both the documentary and oral evidence are not in dispute.

The documentary evidence, consisting of conveyances, all of which were duly placed of record, shows the following: On October 9, 1927, the heirs of J. R. Sykes executed a deed to C. C. Day conveying land described as the NW¼ of the SE¼, the NE¼ of the SW¼, and the SE¼ of the SW¼, less 10 acres off the SE corner thereof, all in Section 7, Township 15, Range 17 West, Monroe County, Mississippi.

On November 9, 1936, C. C. Day executed a warranty deed to H. A. McDuffa conveying the same land which had been conveyed to him by the heirs of J. R. Sykes and similarly describing it. This deed contained the following reservation: "Oil and gas rights reserved by the grantor for a period of 40 years with right to operate same." Thereafter by successive conveyances the same land, similarly described, was conveyed by H. A. McDuffa to C. E. Oliver, and by C. E. Oliver to L. W.

Ray, and by L. W. Ray and the First National Bank of Aberdeen, Mississippi, to the appellee, A. C. Pounders and his wife, Gussie Pounders. The deed from L. W. Ray to the appellees was dated October 31, 1942, and contained the following reservation: "Oil and gas rights are reserved by the grantor for a period of 40 years with right to operate same." The deed from the First National Bank of Aberdeen, which had become the purchaser of the land at a foreclosure sale, was dated March 11, 1943, and contained the following exception: "Except the oil and mineral rights for 40 years from the date of the deed to C. E. Oliver." All of the aforesaid successive conveyances recognized and preserved the mineral reservation contained in the aforesaid deed from C. C. Day to H. A. McDuffa.

The undisputed proof is, according to the oral evidence, that each of the several grantors was in actual possession of the land intended to be conveyed at the time he conveyed the same and that his grantee immediately went into the actual possession thereof, and that the appellees and their predecessors in title have successively been in the actual, open and continuous possession of the land intended to be conveyed since the execution of the deed by the heirs of J. R. Sykes to C. C. Day on October 9, 1927. It is further undisputed that the land so intended by all of the parties to be conveyed was the NW¼ of the SE¼, the NE¼ of the SW¼ and the SE¼ of the SW¼ lying north and east of Reed-Brake Branch, all in Section 7, Township 15, Range 17 West, Monroe County, Mississippi, and that the failure to so describe the land in the several conveyances was contrary to the intention of all of the parties and was the result of a mutual mistake.

It was further alleged in the original bill, and the proof showed, that that part of the description in the several conveyances reading "less 10 acres in the SE

corner thereof'' was a mistake of the scrivener and was intended to read ''less 10 acres in the SW corner thereof.'' It further appears from the evidence that Reed-Brake Branch traverses in a northwesterly and southeasterly direction the SW corner of the SE¼ of the SW¼ of said Section 7.

It also appears without dispute in the record that no possession has been taken of the minerals of the land intended to be conveyed by drilling wells or capturing and removing the same or otherwise.

Thus it is manifest from the undisputed evidence that the land which all of the parties to the several conveyances intended to convey was the NW¼ of the SE¼, the NE¼ of the SW¼, and the SE¼ of the SW¼ less that part lying north and east of Reed-Brake Branch, all in Section 7, Township 15, Range 17 West, Monroe County, Mississippi, and that the failure so to describe the land in several conveyances was a mutual mistake. Of course, it follows that the mineral reservation was intended to apply to the land intended to be conveyed. The undisputed facts, therefore, present a clear case for the reformation of the several conveyances so as to correct the misdescription therein as to the property intended to be conveyed. 76 C. J. S., Deeds, pages 388-389.

 █ The chancellor was of the opinion and held that the exception reading ''less 10 acres off the SE corner thereof'' was void for indefiniteness and uncertainty, and that this rendered the conveyances void for lack of a proper description as to that part of the SE¼ of the SW¼ of said Section 7 lying north and east of Reed-Brake Branch, and likewise rendered the mineral reservation of no effect as to said portion of said land, and he ordered the mineral reservation cancelled, and confirmed title by adverse possession in the appellees as to said portion of said land both as to the surface and

the minerals. In this we think the learned chancellor was in error. He cited in support of his decision the case of Ivey v. Geisler, 213 Miss. 212, 56 So. 2d 501. In the Geisler case, however, the deed was held to be void because no grantee was named therein and it is therefore not applicable to the case before us. In our opinion, the exception reading "less 10 acres off the SE corner thereof" was not void for uncertainty or indefiniteness. This Court held in the case of Early & Co. v. Long, 89 Miss. 285, 42 So. 348, that a description in a deed of 15 acres, more or less, off the SW corner of a quarter section is not void for indefiniteness but means 15 acres to be laid off in a square. Even if the exception were uncertain as to description, the exception and not the deed would be void. This Court, in the case of Beasley, et al v. Beasley, 177 Miss. 522, 171 So. 680, approved the ruling in the case of McAllister v. Honea, 71 Miss. 256, 14 So. 264, holding that "if there be a patent ambiguity in the description of the land excepted from a conveyance, the exception and not the deed is void for uncertainty."

██ ██ But we need not rest the decision of this case upon what may be deemed to be the effect of the exception appearing in the description in the several conveyances. The case here presented is not one of an illegal or void description, but one where the land intended to be conveyed was inaccurately described. The case is unique in that it is absolutely without dispute that the several conveyances did not correctly describe the land intended by all parties to the instruments to be conveyed. The right of reformation is, therefore, apparent in order that the instruments may be made to speak the true intention of the parties. ██ ██ It is not questioned that the appellees have title by adverse possession to the surface of the land in question. It is equally clear that the appellees acquired no title by adverse possession to

the minerals in the land because the minerals had been severed under the prior reservation thereof. Cook v. Farley, 195 Miss. 638, 15 So. 2d 352. In the Cook case, the Court held that a retention of minerals in land conveyed by a provision in a deed reserving or excepting minerals is legally an "exception" which creates a separate legal interest or estate in the minerals. The Court further held that where the surface and mineral estates have been severed, adverse possession of minerals must consist of actually taking possession thereof by drilling wells, or digging mines and capturing or taking possession of minerals either by producing and removing them or by holding them captured in a completed well to the exclusion of the mineral titleholders and the world for the statutory period of adverse possession.

It follows from the views expressed that the decree of the chancellor should be and it is reversed, and a decree rendered here for the appellants, dismissing the cross-bill of the appellees and reforming the several conveyances so as to cause the description therein to read: The NW¼ of the SE¼, the NE¼ of the SW¼, and the SE¼ of the SW¼ lying north and east of Reed-Brake Branch, all in Section 7, Township 15, Range 17 West, Monroe County, Mississippi, and adjudging the reservation of minerals as contained in the several conveyances to be valid and applicable to the description of the land as reformed.

Reversed and decree here for appellants.

*Roberds, P. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.