SMITH, Justice,
dissenting:
Dissenting from a conclusion in which eight of my brethren concurred must be thought to require a great deal of temerari-ousness, and it does. In doing so I do not question the validity of the learned dissertation on oil and gas law contained in the majority opinion. My misgivings are addressed solely to the efficacy of the attempted exception contained in the deed given by Day’s predecessor in title to exclude a one-half royalty interest in the minerals from the grant.
Mississippi Code Annotated section 89-1— 39 (1972) is as follows:
A conveyance of quitclaim and release shall be sufficient to pass all the estate or interest the grantor has in the land conveyed, and shall estop the grantor and his heirs from asserting a subsequently acquired adverse title to the lands conveyed.
As stated in the controlling opinion, the title asserted by appellant Day depends upon an exception contained in a deed given by his predecessor in title in 1938 to one *478 Rea, the exception being quoted in full in the opinion.
The granting clause and the attempted exception in the 1938 deed were as follows:
I hereby convey, quit claim, and release unto L. W. Rea all of my right, title, and interest in and to all timber, and all of my right, title and interest in all of the oil, gas, and other mineral rights except my oil and gas Royalty found in Lease Record 8 Page 325 on the following described lands. .
It is my view, humbly asserted here, that the description of the mineral estate, right, title or interest attempted to be excluded by the grantor, Day, was not described with sufficient clarity or precision quantitatively or qualitatively to be effective so as to cut down the grant of Day’s total interest, including mineral interest. That being so, the exception, not the grant, failed.
The general rule is quoted with approval in Day v. Pounders, 231 Miss. 63, 94 So.2d 620 (1957), as follows:
If there be a patent ambiguity in the description of land excepted from a conveyance, the exception, not the deed, is void for uncertainty. (Citing Beasley v. Beasley, 177 Miss. 522, 171 So. 680, 683 and McAllister v. Honea, 71 Miss. 256, 14 So. 264.) [231 Miss. at p. 70, 94 So.2d at 623].
Since the transaction occurred almost forty years ago and apparently the whole matter has lain quiescent since that time and until comparatively recent mineral activities began in the area, extrinsic evidence as to intention is lacking.
It is a principle of universal application that grants are liberally, exceptions strictly, construed against the grantor. 8 R.C.L. 1094; 14 Tex.Jur. 926; Curdy v. Stafford, 88 Tex. 120, 30 S.W. 551; Barker v. Lashbrook, 128 Kan. 595, 279 P. 12; Bolton v. Dyck Oil Co., Tex.Civ.App., 114 S.W.2d 299; Jones v. Sun Oil Co., Tex.Civ.App., 110 S.W.2d 80; Higdon v. Nichols, 204 Ky. 56, 263 S.W. 665.
(Texas Co. v. Newton Naval Stores, 223 Miss. 468 at 484, 78 So.2d 751 at 757).
An exception must be as definite as is required to convey title; and if it is not the whole property passes. Richardson v. Marqueze, 59 Miss. 80, 42 Am.Rep. 353; McAllister v. Honea, 71 Miss. 256, 14 So. 264; Nunnery v. Ford, 92 Miss. 263, 45 So. 722; Beasley v. Beasley, 177 Miss. 522, 171 So. 680; and Ates v. Ates, 189 Miss. 226, 196 So. 243.
The intention of the parties to a conveyance of an interest in real estate, whether it is a mineral interest or some other interest, is to be gathered from the instrument itself and may not be gathered from surmise or conjecture as to what the parties probably intended. Construing the grant strongly against the grantor, Day, and the exception strictly against him, as we must under the authorities, it is impossible to say with that degree of certainty which the law requires that it was his intention to retain a one-half royalty interest in the minerals or that it was understood by Day’s grantee, L. W. Rea, that the attempted exception would have the effect of depriving him of a one-half mineral royalty in the land.