MARVIN H. DOBLIN, Ex'r of the Will of Ruth E. Allison, Deceased, Plaintiff-Appellee, *v.* THOMAS L. ALLISON, Defendant-Appellant.—(THOMAS E. ALLISON *et al.*, Defendants-Appellees.)

Third District    No. 80-146

Opinion filed January 30, 1981.

L. Willard Nelson and James Tusek, both of Nelson, Kilgus & Richey, of Morrison (T. W. Nelson, of counsel), for appellant.

Robert H. Potter, of Morrison, for appellees.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

This appeal arises from a declaratory judgment suit brought to construe an alleged latent ambiguity in a will. The litigation cuts across three generations of a family. The grandmother is the decedent and testator. Her son and grandson are the opposing interests. They are also the sole surviving heirs. At issue is a farm in Whiteside County. The testator's son claims that the grandmother's will gives him this farm outright. The testator's grandson claims that the will gives only a life estate to his father with the fee remainder to him.

What does the will say? The will says:

> "In the event that I am the owner in whole or in part of any farmland located in Livingston County and/or Henry County, State of Illinois, at the time of my death I give, devise, and bequeath all of said farmland together with all buildings and improvements thereon and all tangible personal property that may be at the time of my death in or about the said premises, to my son, Thomas L. Allison, to have and to hold during his lifetime, all of said right, title and interest, and upon his death I give, devise and bequeath all such property, whether real or personal, and in possession of my said son at the time of his death, to issue, me surviving, in equal shares, per stirpes * * *."

The will also included a residuary clause contained in its fifth paragraph which reads as follows:

> "All the rest, residue and remainder of my estate, of every nature and description, whether real, personal or mixed, and wheresoever the same may be situated, and whether acquired before or after the execution of this Will and including all property over which I may have the power of appointment or testamentary disposition, I give, devise and bequeath to my son, Thomas L. Allison, if he survives me, for his own use absolutely. If my aforesaid son shall predecease me, I give, devise and bequeath his share to his issue, me surviving, in equal shares, per stirpes."

What are the relevant and material facts? At the time of her death, the grandmother was the owner of a farm in Livingston County and held an undivided one-half interest in a farm in Whiteside County. At the time of the execution of the will, the grandmother owned the same undivided one-half interest in the Whiteside County farm that she continued to own unto her death. Her farm in Livingston County was acquired after the date of the execution of the will but prior to her death. The grandmother at one time had an interest in a farm in Henry County but had sold that interest in the year preceding the execution of her will. She owned no farmland in Henry County at the time of her death.

At this point, it should be noted that there is no *patent* ambiguity in

the will. Although the grandmother's Whiteside County farm is not specifically mentioned in the will, the residuary clause of the will operates so as to give the grandmother's Whiteside County farm outright to her son. That is what the will says.

Claiming a *latent* ambiguity, however, it is the grandson's contention that the grandmother really meant and intended that all of her farmlands should go to him subject only to a life interest in favor of his father. To substantiate this claim, he points out that Whiteside County and Henry County are, after all, adjacent counties. He offered evidence that his grandmother lived in the State of New York and rarely came to Illinois. He suggests that, under these circumstances, she probably didn't know the difference between Whiteside County and Henry County. On a different tack, he offered other evidence to show that his father had abandoned his family, was sporadically employed, and failed to keep the grandmother informed of his whereabouts. Asserting, in effect, that his father is a bit of a bum, he urges that the grandmother would not have wanted his father to have more than a life interest in her lands.

■■■ The trial judge, considering these factors, decided that there was, indeed, a latent ambiguity in the will and that the will should be interpreted so as to award the Whiteside County farm to the grandson subject to a life estate in favor of his father.

The trial judge was wrong. There is no latent ambiguity.

Our supreme court has endorsed the Black's Law Dictionary definition of a latent ambiguity as one where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates the necessity for interpretation or choice among two or more possible meanings. (*Higinbotham v. Blair* (1923), 308 Ill. 568; *Krog v. Hafka* (1952), 413 Ill. 290.) The extrinsic evidence in this case does not suggest any need for interpretation. There is no confusion over the identity of the devisees nor of the property devised as is the gist of the problem in the reported latent ambiguity cases. The grandmother's will is totally dispositive of her estate and accurately describes her assets and her devisees. The will's clause creating the life interest is prospectively and contingently stated in the following language: "In the event that I am the owner * * *." This wording contemplates the possibility that the grandmother might or might not own such property at her death. It does not show any misapprehension of her assets. It merely provides for the disposition of assets falling within that category in case she owned such properties at her death. In fact, after the will was executed, she did acquire a farm in Livingston County. Thus, the prospective and contingent wording of the will came into fruition as a result of that acquisition. But the grandmother did not acquire ownership of any Henry County land after the execution of the will. Hence, no property passed as a result

of the reference to Henry County. The Whiteside County land was owned by the grandmother at the time the will was executed and continued in her ownership to her death. The residuary clause of her will devised that land outright to her son. When the trial judge ruled otherwise and granted the Whiteside County farm to the grandson subject to a life estate in favor of his father, the trial judge was, in effect, making a new will for the grandmother. Our supreme court has stated that courts are without power, under the guise of interpretation, to alter a testator's will or to make a new will for him. (*Vollmer v. McGowan* (1951), 409 Ill. 306.) For in every will construction case, the question for the court is "not what the testator meant to say, but what he meant by what he did say." *Hull v. Adams* (1948), 399 Ill. 347.

Accordingly, the finding of the trial court is reversed, the finding of this court being that distribution of the estate of Ruth E. Allison be according to the views herein expressed.

Reversed.

ALLOY, P. J., and STOUDER, J., concur.