## Westchester Fire Insurance Company v. John Jennings, for Use of Solomon Langman.

1. DEEDS—*Must Contain the Name of a Grantee.*—A deed which does not contain the name of a grantee when it is acknowledged and delivered is void, and conveys no interest whatever in the property described therein.

2. INSURANCE—*Forfeitures Not Favored.*—The right to insist upon the forfeiture of an insurance policy under a clause prohibiting changes in the title to the property insured, is *stricti juris*, and liberal intendments and enlarged construction will not be indulged in favor of such a forfeiture. The objection must be brought clearly within the forfeiting clause or it will not avail.

3. AMENDMENTS—*As to the Parties.*—It is proper to order the record to be amended so as to allow a suit to be carried on in the name of the plaintiff for the use of the real party in interest, and this without the consent of the plaintiff and regardless of the objection of the defendant.

**Assumpsit,** on an insurance policy. Appeal from the City Court of Elgin; the Hon. RUSSELL P. GOODWIN, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed June 26, 1897.

## STATEMENT OF THE CASE.

On December 19, 1892, the Oakland Home Insurance Company issued its policy to Sol. Langman, covering $1,000 on a dwelling house in the city of Elgin, said policy to run three years and expiring December 19, 1895.

On March 9, 1893, Sol. Langman sold and conveyed the property to one B. F. Gitchell and assigned the policy to Gitchell, and afterward, on October 23, 1893, Gitchell sold and conveyed the property to Victoria Clancy, and assigned the policy to her. In January, 1894, appellant reinsured the risks of the Oakland Home Insurance Company, including the policy in suit.

Afterward, on March 9, 1894, Victoria Clancy sold and conveyed the property to John Jennings and assigned the policy to him.

At the time that Langman conveyed the property to Gitchell, the agent of the insurance company made the following indorsement on the policy, viz.: "Loss, if any, payable to Sol. Langman, mortgagee, as his interest may appear." But afterward, and on January 15, 1894, this loss payable clause was, at Langman's request, canceled, and the following indorsement was made: "Loss, if any, payable to R. M. Ireland, trustee, for the use of holders of notes secured by a trust deed, as their interest may appear." On March 6, 1896, therefore, the policy ran to John Jennings, with the above indorsement attached thereto.

On April 22, 1894, Jennings and wife acknowledged before a notary public at Indianapolis, Indiana, the execution of a deed, dated April 2, 1894, containing a description of the property in question, but not having inserted therein the name of any grantee, the space for the name of the grantee being left entirely in blank. But attached to said deed is a paper of which the following is a copy:

CHICAGO, ILL., April 7, 1894.

N. A. Burnham is hereby authorized to fill in the names of the grantees in the deed hereto attached, and to sign my name to the transfer of the insurance policy on the property conveyed by said deed to the grantee, so filled in.

(Signed) JOHN JENNINGS.

The deed and this paper were delivered to N. A. Burnham.

No assignment of the policy was made to Burnham, nor was any notice given to the insurance company of any change in interest or ownership.

On September 4, 1894, the property was destroyed by fire. Burnham made claim upon appellant for payment of the loss, exhibited his alleged deed for the property to the company, and claimed to be the sole and unconditional owner. Upon ascertaining the facts appellant denied all liability and refused to pay the claim.

Burnham then sold his deed to Langman for $25, and the latter procured Jennings to file proofs of loss, and upon the appellant again denying liability and refusing to pay, Jennings brought this suit to recover for the loss.

Appellant then obtained a statement from Jennings that at the time of the fire he had no interest whatever in the property destroyed, and he stipulated that the suit might be dismissed. Langman thereupon, against the objection of appellant, obtained leave from the court to so amend the record, that the suit should run in the name of Jennings for Langman's use.

A clause in the policy provided that if the interest of the insured in the ownership of the property be other than unconditional and sole, or if any change other than by the

death of the insured takes place in the interest, title or possession of the subject of the insurance by legal process or judgment or by voluntary act of the insured or otherwise, the policy should be void.

There was a waiver of jury, and trial by the court, resulting in a judgment in favor of appellee for the use of Langman for $944.50 damages, and for costs, and appellant brings the case to this court by appeal.

BATES & HARDING, attorneys for appellant.

BOTSFORD, WAYNE & BOTSFORD, attorneys for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Upon the evidence in this case, which sustains the foregoing statement of facts, we think the judgment of the court below was right and must be affirmed.

The deed from Jennings and wife was a nullity and conveyed no interest whatever in the property insured. It lacked one of the essentials to a valid grant, viz., a grantee, and was therefore void. Chase v. Palmer, 29 Ill. 306; Whittaker v. Miller, 83 Ill. 381.

Even the authority to Burnham to insert the name of a grantee was never exercised, but the deed when offered in evidence was without the name of any grantee. It would seem to require no argument to show, that such a paper executed by Jennings and wife, did not divest the title of Jennings, nor deprive him of the ownership and right of possession. Burnham had no contract in relation to the property which could have been enforced in any court either at law or in equity. There was, therefore, no legal change of title or interest and Jennings could at any time have recovered possession of the property. The policy of insurance was duly assigned to him, and under the circumstances he was the proper person to make the proofs of loss and carry on the suit for the benefit of the holders of the notes secured by the trust deed. There was no error in

permitting an amendment of the record so as to allow the suit to be carried on in the name of Jennings for the use of Langman. Jennings was but the nominal plaintiff, and it would have been inequitable to allow him to dismiss the suit at the solicitation of appellant and to the injury of Langman. We think the action of the court in this behalf was entirely proper, and in accordance with well established principles of law and practice.

The defense sought to be interposed in this case is, at best but technical, and forfeitures of this character will not be enforced by the courts, unless required by the strict rules of law.

The right to insist upon the forfeiture of a policy under such a prohibitory clause as that contained in the policy under consideration, is *stricti juris.* " Liberal intendments and enlarged construction will not be indulged in favor of such forfeitures. The objection must be brought clearly within the forfeiting clause or it will not avail." Aurora Fire Ins. Co. v. Eddy, 55 Ill. 213; Conn. Ins. Co. v. Spankneble, 52 Ill. 53.

We think appellant has not shown a strict right to insist upon the forfeiture in this case, and the defense can not avail.

Finding no error in the holdings of the court upon propositions of law, and being satisfied that justice has been done, the judgment will be affirmed.