Gould v. Wenstrand.

90    127
107   1301

## Robert J. Gould et al. v. Nels E. Wenstrand et al.

1. CHANCERY PRACTICE—*Power to Review a Master's Report.*—It is not the law in this State that the report of a master in chancery may be reviewed or set aside only for the same reasons that the verdict of a jury may be set aside.

2. PRESUMPTIONS—*A Person Who Takes a Conveyance of Real Estate is a Bona Fide Purchaser.*—When a party takes a conveyance for land it will be presumed that he is a *bona fide* purchaser, and the burden of proof is upon those attacking such conveyance to overcome such presumption.

Bill to Remove a Cloud upon Title.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded with directions.    Opinion filed July 10, 1900.

W. A. CUNNEA and JOHN M. HUMPHREY, attorneys for appellants.

No appearance by appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is a bill filed by appellants, the purpose of which is to set aside as a cloud upon their title, a deed purporting to have been executed by Jay Strickland, conveying to Wenstrand certain property in the city of Chicago. Said deed is dated May 31, 1898, and purports to have been acknowledged before Henry C. Beitler, as notary public, July 6, 1898. By the original bill it is charged that the premises in question were conveyed by said Strickland to appellant by deed dated May 27, 1898. The appellee Petterson, who answered the original bill, filed a cross-bill, praying that conveyance from Strickland to appellant might be set aside and held for naught. Said Strickland having answered said original bill, also filed a cross-bill, asking substantially the same relief as that prayed for in the original bill, viz., that said alleged conveyance from said Strickland to said Wenstrand be set aside and held for naught, and the conveyance from said Strickland to appellant be held to be valid.

When the cause was fully at issue upon the original and the cross-bills, it was referred to master in chancery to take proofs and report the same with his conclusions. Said Strickland made a second conveyance of said premises to appellant, dated October 3, 1898, wherein said deed to said Wenstrand is referred to, and stated to be without consideration, and null and void.

The master reported that he found the said deed from said Strickland to said Wenstrand was fraudulent and void as against said Strickland and his grantee, the appellant, and recommended that a decree be entered in favor of said appellant as against all other parties to said cause.

The master in his report states, among other things, as follows:

Gould v. Wenstrand.

"I deem it my duty to the court to state that I have not been impressed by the candor or truthfulness of witness Petterson. His evidence is confused and contradictory. The story of Strickland, on the other hand, is plain and straightforward, and has strong corroboration by oral and documentary evidence. There is nothing in the testimony or demeanor of Strickland tending to throw suspicion on his testimony."

To the report of the master exceptions were filed by said Wenstrand and said Petterson, which were sustained by the court, and it was decreed that the original bill, filed by appellant, be dismissed for want of equity at his cost, and that the cross-bill filed by said Strickland be dismissed for want of equity at his cost. Said Gould is the only party appealing to, or who appears in this court.

It is urged by counsel for appellant that the report of a master may be reviewed or set aside only for the same reasons that the verdict of a jury would be. This is not the law in this State, although such was at one time the decision of the Appellate Court of this district.

It is conclusively shown that at the time the alleged deed from Strickland to Wenstrand was signed by Strickland, there was no name inserted as a grantee, and that the deed was never at any time acknowledged. Such a deed is not valid, and will not operate to convey the title to realty as against *bona fide* conveyances.

When a party takes a conveyance for land it will be presumed that he is a *bona fide* purchaser, and the burden of proof is upon those attacking such conveyance to overcome such presumption. Anthony v. Wheeler, 130 Ill. 128; Ryder v. Rush, 102 Ill. 340.

We do not find evidence sufficient to show that appellant has not given a good and valuable consideration to said Strickland for the conveyance of the property described in the bill of complaint to appellant. The evidence does not warrant the holding this deed to be invalid.

This record is quite voluminous, and as stated, appellees do not appear. The abstract of this voluminous record may not be entirely correct or satisfactory; we do not think it

is, but as it appears therefrom, the exceptions to the master's report should have been overruled and a decree entered in accordance with the report of the master.

The decree of the Circuit Court is reversed and the cause remanded, with directions that a decree be entered in accordance with the report of the master. Reversed and remanded with directions.