JOHN BAUER

v.

THE LUMAGHI COAL COMPANY.

*Opinion filed April 20, 1904.*

1. SPECIFIC PERFORMANCE—*specific performance is not a matter of right.* Even though a contract is in itself reasonable, fair, mutual and certain, yet the question whether it shall be specifically enforced rests in the sound discretion of the chancellor, governed by legal rules and principles.

2. SAME—*unreasonable delay may defeat specific performance.* Unreasonable and unexplained delay by a party in seeking specific performance of a contract is ground for refusing the relief prayed.

3. SAME—*ordinarily a contract must be mutual to be capable of specific enforcement.* A contract which is lacking in mutuality of obligation and remedy will not ordinarily be specifically enforced by equity.

APPEAL from the Circuit Court of St. Clair county; the Hon. B. R. BURROUGHS, Judge, presiding.

MESSICK & CROW, for appellant.

WINKELMANN & BAER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee filed its bill in the circuit court of St. Clair county, against appellant and others, to enforce the specific performance of a written contract entered into by George Bauer and Conrad Rupprecht. The bill alleges that on October 15, 1897, Bauer and Rupprecht entered into the following contract, to-wit:

"It is agreed between George Bauer, of St. Clair county and State of Illinois, party of the first part, and Conrad Rupprecht, of the county and State aforesaid, party of the second part, as follows: Said party of the second part is desirous of having a railroad switch or track lead from a point on the Vandalia railroad track near where said railroad intersects the Collinsville and Caseyville wagon road, in the north-east quarter of section 4, T. 2, N. R. 8 W., said track, after it intersects the west line of the land of said Bauer in section 3, T. 2, N. R.

8 W., to run in a southerly or south-easterly direction, follow-
ing the ravine along and south-easterly over the west half of
the S. W. ¼ said section 3, T. 2, N. R. 8 W., over the land of said
George Bauer to where it intersects the north line of section
10, T. 2, N. R. 8 W., said N. W. ¼ belonging to the heirs of Leon
Hoereth, in which lands said party of the second part and his
wife have an interest, and the object and intention of said
switch or track being to connect with a coal mine, which it is
intended hereafter to open and operate on the lands of said
heirs of Leon Hoereth. Now, in consideration that said party
of the first part shall grant and give the right of way, with
sufficient ground to build said switch or railroad track, fifty
feet wide, if deemed necessary by the party of the second part,
his heirs and assigns, when said Conrad Rupprecht shall de-
mand the same in writing, or whatever any other person or
persons or corporation to be named in writing by said Conrad
Rupprecht or his heirs and assigns shall demand the same in
writing from the said party of the first part or his assigns and
heirs, and whatever said Conrad Rupprecht, his heirs and as-
signs, or any person or persons or corporation named by him
or his heirs and assigns shall pay as cash for such privilege or
right of way the sum of three hundred dollars ($300) in advance,
then the said party of the first part hereby agrees and binds
himself to give and convey, by sufficient deed, the said right of
way over and through the premises above described and of the
width aforesaid, if deemed necessary by the party of the second
part or his heirs and assigns. But in no event shall any con-
veyance be made or signed by said Bauer, or his heirs and as-
signs, until the consideration money for said right of way be
first paid, or his heirs and assigns. And it is further agreed
that on all crossings along said right of way the same shall be
protected by suitable cattle-guards.

"Witness our hands and seals this 15th day of October, 1897.

GEORGE BAUER,      [Seal.]
CONRAD RUPPRECHT.   [Seal.]

Witness: BENJAMIN BONEAU."

The bill further avers that the said George Bauer,
without having executed said deed, died March 14, 1899,
owning the lands described in said tract, and leaving as
his only heirs-at-law the appellant herein, John Bauer,
and Maggie Bertrand, and that a coal mine is about to
be opened on the premises described in said contract,

and that on March 1, 1903, the complainant demanded in writing that said defendants make conveyance of said right of way as provided in said contract, and tendered the money for the same, which was refused. The prayer is for a specific performance of said contract.

The defendants filed their answer, setting up several defenses against the contract, among others alleging that appellee and its grantors have slept on their rights, if they ever had any, and that their claim has become stale and not the proper subject for relief in a court of equity; also, that the agreement is void as a contract, for want of mutuality in rights and remedies. Upon a hearing before the chancellor upon bill, answer, replication and evidence, a decree was entered for complainant enforcing the performance of the contract, and from that decree this appeal has been perfected.

There are several errors assigned by appellant, but a consideration of two of them will effectually dispose of the case.

The specific performance of a contract is not a matter of absolute right, even upon a case made by the proofs, but depends upon well understood rules and principles applicable to the facts and circumstances of each case. The contract, in itself, must be reasonable, fair, just, mutual, certain and unambiguous; (*Barrett* v. *Geisinger*, 148 Ill. 98; *Koch* v. *National Union Building Ass.* 137 id. 497; *Gould* v. *Elgin City Banking Co.* 136 id. 60;) and after these requirements have been established, whether or not the performance of the contract shall be decreed rests in the sound discretion of the chancellor. (*Chicago, Burlington and Quincy Railroad Co.* v. *Reno*, 113 Ill. 39; *Beach* v. *Dyer*, 93 id. 295.) The discretion cannot be arbitrarily exercised, but must be governed by legal rules and principles. (*Phillips* v. *South Park Comrs.* 119 Ill. 626; *Allen* v. *Woodruff*, 96 id. 11.) Nevertheless, the court has the right, and it is its duty, to consider all the facts and circumstances of the case in hand and do equity between the parties.

It is always the duty of a party seeking to enforce a contract specifically, to act with diligence in the performance of the same on his part, and it is the well settled doctrine of courts of equity, both in England and this country, that great delay of either party, unexplained, in the performance of the terms of a contract, or in not prosecuting their rights under it by filing a bill, or in not prosecuting a suit for such performance with diligence when instituted, constitutes such *laches* as will forbid the interference of a court of equity, and so amount, for the purpose of a specific performance, to an abandonment of the contract. (*Hatch* v. *Kizer,* 140 Ill. 583; Fry on Specific Per. 218; *Hough* v. *Coughlan,* 41 Ill. 130.) The evidence in this record shows that the contract was made October 15, 1897. George Bauer, one of the contracting parties, died March 14, 1899. The bill to enforce the contract was not filed until the September term, 1903, of the circuit court. There is nothing whatever in the record to explain the delay, but the evidence is wholly silent on that point. The parties to the contract did nothing towards its enforcement until after the death of George Bauer, a year and a half after it was executed. The contract was not assigned by Rupprecht to the appellee until 1902. In the absence of evidence to explain this long delay, we think, under the foregoing authorities, appellee and its assignor have been guilty of such *laches* as will, in law, defeat a specific performance.

The contract is also lacking in mutuality. It is said in Beach on Modern Law of Contracts, (vol. 2, sec. 885): "As a general rule, specific performance will not be decreed in any case where mutuality of obligation and remedy does not exist." And in a note to this text it is said: "The general principle is, that where the contract is incapable of being enforced against one party, that party is equally incapable of enforcing it against the other." In *Baird* v. *Linthicum,* 1 Md. Ch. 345, Chancellor Johnson held "that if one of the parties is not bound or is not able

to perform his part of the contract he cannot call upon the court to compel specific performance by the opposite party." And in the subsequent case of *Duvall* v. *Myers,* 2 Md. Ch. 401, the same judge said, in substance, "that the right to the specific execution of a contract depends upon whether the agreement is obligatory upon both parties, so that upon the application of either against the other the court can compel a specific performance." We quoted the above authorities with approval in the case of *Tryce* v. *Dittus,* 199 Ill. 189; also, see 22 Am. & Eng. Ency. of Law, (1st ed.) p. 1019. One cannot read the contract in this case without being impressed with the fact that it was so worded that if, in the future, the coal business should prove profitable and Rupprecht or his assigns could gain an advantage by taking an easement, then they would have a right to demand it and could compel Bauer to convey, but if the coal business did not open up favorably and it would be no advantage to Rupprecht, then Bauer would have no right to compel a specific performance and would be powerless to force Rupprecht to do anything. It was therefore lacking in that element of mutuality required under the decisions above quoted, and therefore could not be specifically enforced in a court of equity. The contract, bill and written demand made by appellee are also very indefinite as to the description of the land required by the right of way, and for this reason, also, the contract could not be enforced in a court of equity, even though appellee had been diligent in enforcing its rights.

For these reasons the decree of the circuit court will be reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*