CHICAGO, WILMINGTON & FRANKLIN
COAL CO. et al. v. MENHALL et al.

No. 166-D.

District Court, E. D. Illinois.

Dec. 15, 1941.

Adams, Hawxhurst, Hawley & White, of Chicago, Ill., and Carter Harrison and Roy C. Martin, both of Benton, Ill., for plaintiffs.

Louis Clements and Bookwalter, Carter & Gunn, all of Danville, Ill., and John C. Quilty, of Centralia, Ill., for Shell Oil.

LINDLEY, District Judge.

Plaintiffs sue to enjoin defendants from interfering with their right to drill for oil and gas upon forty acres of land located in Franklin County, Illinois. Their chain of title discloses conveyances of the coal, oil and gas. Defendants, owners of the surface, have attempted to establish title by adverse possession. But there has been a severance of the two estates since 1918. Since that time the owners of the surface have paid the taxes upon their estate and plaintiff coal company has paid the taxes upon the severed mineral estate. Consequently under the well established rule of Illinois, title has not accrued to defendants against plaintiff owners of the mineral estate by adverse possession of the surface of land and payment of taxes on it. Chicago, Wilmington & Franklin Coal Co. v. Herr, D.C., 40 F.Supp. 311, and Illinois cases there cited. Consequently, as in Chicago, Wilmington & Franklin Coal Co. v. Herr, supra, the title of the coal company under deeds conveying coal, oil and gas is valid as against the former owners, the grantors and their successors and assigns.

Upon another feature of this case the parties are widely at issue. The original deed to plaintiff coal company contained an exception of "a strip of land heretofore deeded to the Continental Development Company," a New Jersey corporation. The conveyance did not attempt to describe or define what was excepted; that was wholly without identification except for the reference to a deed. No such deed was ever recorded; and if it ever existed, no one has seen it for almost forty years; it remains wholly unaccounted for. One witness testified that some thirty-eight years ago, he

took a deed for the Development Company from the then owner and that his recollection is that it conveyed no land by specific description or by metes and bounds; but that it referred to an attached plat which covered a strip one hundred feet wide. He has no recollection of the specific location of the strip; he knows only that it ran in a certain general direction diagonally across the farm. He could furnish no information as to its metes and bounds or its actual location. I am, therefore, wholly without light as to what was conveyed.

█ Defendants offered the testimony of a gentleman of varied occupation, including surveying, who said that at the age of seventeen he helped his father survey a strip across this land. He has no field notes or other records of the survey, but some thirty-seven or thirty-eight years later, in 1941, he attempted to run a new survey across the land for a strip one hundred feet wide. He can not testify that it definitely covers the same land as the original. There is no testimony that what he has surveyed was what was contained in the plat attached to the deed from Hill to the Development Company or that what was originally surveyed was what was conveyed by Hill to that company. Granting to this witness full credibility for the purpose of disposition of this case, the record, therefore, remains sadly lacking in proof required to establish the contents of a lost deed. In Illinois one relying upon a lost instrument must prove, first, that one was executed and delivered in accord with the requirements of the conveyance statutes of the state; and second, what was conveyed. If there is uncertainty as to description, the deed is void. Alleman v. Hammond, 209 Ill. 70, 70 N.E. 661; Shackleford v. Bailey, 35 Ill. 387. Lack of proof of what was conveyed is fatal. Superior Oil Co. v. Harsh, D.C., 39 F.Supp. 467. "As said in Shipley v. Shipley, 274 Ill. 506, at pages 513 to 515, 113 N.E. 906, parol testimony regarding a deed's existence and contents must be clear and convincing. Every principle of public policy demands that proof of its former existence, its loss and its contents must be conclusive before a court will be justified in recognizing title, depending upon parol testimony, to property which the law requires shall pass only by deed or will. The Illinois court announced that proof of the contents must be so clear and positive as to leave no reasonable doubt of the substance of the ma-

terial parts of the paper, and commented that it is futile if there is no evidence as to whether the paper bore a seal. The evidence before the court was not clear as to the conditions and provisions of the deed or as to what land was included; consequently, the court held the evidence insufficient to establish a deed." Superior Oil Co. v. Harsh, D.C., 39 F.Supp. 467 at page 469. "Illinois courts have been firm in their statement that in every grant there must be a grantee, a grant and a thing granted and that the omission of any one of these essentials invalidates the transaction. Chase v. Palmer, 29 Ill. 306; Whitaker v. Miller, 83 Ill. 381; Gould v. Wenstrand, 90 Ill.App. 127; Westchester Fire Insurance Co. v. Jennings, 70 Ill.App. 539." Durbin v. Bennett, D.C., 31 F.Supp. 24, at page 26.

█ Here the proof leaves it wholly uncertain as to whether any deed was ever executed conveying any specified tract. Therefore the exception is void for uncertainty. Higinbotham v. Blair, 308 Ill. 568, 139 N.E. 909, 911. There the court concluded: "Where a description which is plain and unambiguous in its terms is followed by an exception which is ambiguous and uncertain and describes nothing, the latter must be rejected and the former prevail. The statutory warranty deed from Harlow N. Higinbotham to the complainant purported to convey the southeast quarter of section 12, and the exception was void for uncertainty. The deed left no right, title, or interest in Harlow N. Higinbotham."

█ The same decision is decisive upon defendants' contention that the uncertainty made invalid the entire conveyance. Thus the court said: "A deed made in 1864 conveyed certain lands by a correct and definite description, but excepted therefrom two acres which a witness said could not be located from the description of the same. If the attempted description of two acres was void for uncertainty, and described nothing, there was nothing excepted from the land conveyed. The objection that the deed was void, because the two acres could not be found, was not good." Attebery v. Blair, 244 Ill. 363, 91 N.E. 475, 479, 135 Am.St.Rep. 342.

Other questions presented are covered, I think, by my decisions in Chicago, Wilmington & Franklin Coal Co. v. Herr, D. C., 40 F.Supp. 311; Chicago, Wilmington

& Franklin Coal Co. v. Minier, D.C., 40 F. Supp. 316, and other similar cases recently heard in this court.

The exception being void for uncertainty, plaintiffs' title to the oil and gas stands unimpeached and they are entitled to a judgment as prayed.