### CHICAGO, WILMINGTON & FRANKLIN COAL CO. et al. v. HERR et al.

No. 7889.

Circuit Court of Appeals, Seventh Circuit.

May 2, 1942.

Rehearing Denied June 9, 1942.

Hugh V. Murray, Jr., of Centralia, Ill., and Matthew E. Murray, of Benton, Ill., and Lester R. Carlson, of Centralia, Ill., for appellants.

Thurlow G. Essington, of Chicago, Ill., Roy C. Martin and Carter Harrison, both of Benton, Ill., Chas. E. Feirich, of Carbondale, Ill., J. G. Van Keuren and Calvin A. Brown, both of Duquoin, Ill., Hamilton K. Beebe, of Chicago, Ill., and John K. Feirich, of Carbondale, Ill., for appellees.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This is a companion case to Chicago, etc., Coal Company v. Minier et al., 7 Cir., 127 F.2d 1006, decided this day.

On June 30, 1905, and July 8, 1911, John H. Hill, who was the owner of the land here involved, executed and delivered to Walter W. Williams, trustee, two certain deeds, conveying to Williams all the coal, oil and gas in and under the land, together with the right to mine and remove said coal, oil and gas free and clear of any liability for damages from subsidence or otherwise to the owner of the superincumbent soil, and the further right to make underground passages through, to and from other mines and lands adjacent thereto, and with the right to the perpetual use of the same for mining purposes. In the deeds it was covenanted and agreed that the Grantee therein, his heirs and assigns shall have the right to take and use so much of the surface of the said lands as the Grantee, his heirs and assigns may deem necessary or convenient for the erection or construction of all buildings, roadways, railways, switches, shafts, reservoirs, ditches, drains, or appurtenances to mining coal, oil and gas that it may be necessary or convenient to erect or construct for the mining, preparing, forwarding and marketing said coal, oil and gas; but all the land, the surface of which is so taken, shall be paid for when so taken at the rate of fifty dollars per acre. The deeds were drafted by Williams, the grantee, a practicing attorney.

Hill died on January 7, 1918, and by his will devised to his son Henry M. Hill the real estate here involved, subject to the prior conveyance of the coal, oil and gas to Williams. By mesne conveyances the title acquired by Henry M. Hill is now vested in the defendants, William Troy Doty, Rome Sanders and T. R. Young, who have made an oil and gas lease now owned by Phil S. Herr, William F. Seigler and Sihon Company. The title acquired by Williams by the deeds mentioned is now vested in the plaintiff Coal Company. September 6, 1940, the Coal Company made an oil and gas lease to plaintiff Adkins and he commenced the drilling of a well.

After a hearing, the District Court made special findings of fact, stated its conclusions of law thereon, and entered a decree that the deeds vested in the plaintiff Coal Company, without limitation or restriction, all of Hill's interest in the coal, oil and gas underlying the land and the right to mine and remove them, free and clear of any liability for damages to the owner of the surface, and permanently enjoined the defendants from interfering with plaintiffs in the free and unmolested ingress and egress for the purpose of exploring for oil and gas in and underlying the land involved, and permanently enjoined the defendants from drilling or operating for oil or gas in and under the land involved. 40 F.Supp. 311. To reverse the decree, defendants appeal.

In this court the defendants contend that (1) the District Court should have stayed the proceedings until appropriate proceedings were had in the courts of Illinois. Thompson v. Magnolia Petroleum Company, 309 U.S. 478, 60 S.Ct. 628, 84 L. Ed. 876; (2) the deeds were not effective to transfer any interest in the oil and gas, and granted no right to use the surface of the land; and (3) the covenant in the deeds that Williams should have the right to select parts of the surface is invalid and unenforceable.

In support of the contention that the District Court should have stayed the proceedings, the argument is that there is no positive and controlling authority to guide us. In our opinion, no more uncertainty attends the disposition of the questions here involved than is present in the decisions of most legal questions. Under such circumstances, it is our duty to ascertain from all the available data what the state law is and apply it. West v. American T. & T. Co., 311 U.S. 223, 237, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956 and MacGregor v. State Mutual, etc., 62 S.Ct. 607, 86 L.Ed. ——, decided by the United States Supreme Court February 16, 1942. See In re Chicago & N. W. Ry. Co., (Hicks v. Thomson), 7 Cir., 127 F.2d 1001, decided by this court April 8, 1942. Our decision in the present case is guided by the decisions of the Illinois courts.

On the question of whether the deeds were effective to transfer Hill's interest in the oil and gas and the right to use the surface of the land, the decision of this court in the Minier case is determinative.

The defendants contend that the covenant in the deeds—that the grantee should have the right to select parts of

the surface and pay for the same without any limitation as to time—violates the rule against perpetuities and is void. In support of this contention defendants rely upon Bauer v. Lumaghi Coal Co., 209 Ill. 316, 70 N.E. 634 and Keogh v. Peck, 316 Ill. 318, 147 N.E. 266, 38 A.L.R. 1151.

The Bauer case, supra, was a complaint to enforce the specific performance of a written contract. It appeared that Bauer had agreed that if at any time in the future it should become necessary for the other party to the contract to use part of the land there involved, Bauer, upon payment of a stated consideration, would convey the land. The defense was laches and want of mutuality. The rule against perpetuities was neither raised nor discussed by the court. The court dismissed the complaint on the grounds of lack of mutuality and laches.

The Keogh case, supra, involved the validity of an option to purchase real estate incorporated in a ninety-nine year lease. The court held that the option did not violate the rule against perpetuities. Neither the Bauer nor the Keogh case is controlling, but Threlkeld v. Inglett, 289 Ill. 90, 124 N.E. 368, appears to be.

In the Threlkeld case, supra, it appeared that the contract provided that the deed to be executed should make provision for taking such portion of the surface of the land as was necessary for the purpose of the mining rights conveyed, but the surface should, when occupied, be paid for at the rate of $150 per acre. It was contended that on account of this provision the contract was subject to the rule against perpetuities because it gave the appellants the right to purchase so much of the surface as they might require at any time. The court in disposing of the contention at page 96 of 289 Ill., at page 371 of 124 N.E. said:

"The conveyance was to be of the coal, oil, and gas under the land, with the right to mine and remove the same, and, when anything is granted, all the means to attain it and all the fruits and effects of it are granted also, and pass, together with the grant of the thing itself, without any words to that effect. * * * Where a grant is made for a valuable consideration it is presumed that the grantor intended to convey and the grantee expected to receive the full benefit of it, and therefore the grantor not only conveyed the thing specifically described, but all other things, so far as it was within his power to pass them, which were necessary to the enjoyment of the thing granted. The deed, when made, would not only pass the coal, oil, and gas, with the right to mine and remove the same, but also the right to enter upon and use so much of the surface of the land as might be necessary to the enjoyment of the property and rights conveyed, and the agreement was merely that the land taken for such use should be paid for, when located, at the rate of $150 an acre. It was not within the rule against perpetuities."

Defendants, in their brief, stress another point: that because of twenty years' possession of the surface, under claim of ownership, they have, by virtue of the Statute of Limitation, title by adverse possession. On this question the reasons given and the conclusions reached in the opinion of the District Court are, in our opinion, correct.

We conclude that the District Court rendered the proper decision except that the decree should have provided for the payment of $50 per acre for the surface of the land, if and when taken; in all other respects it is affirmed and the cause is remanded with directions to modify the decree in accordance with the views herein expressed.