**CHICAGO, WILMINGTON & FRANKLIN COAL CO. et al. v. MENHALL et al.**

No. 8014.

Circuit Court of Appeals, Seventh Circuit.

Nov. 2, 1942.

Rehearing Denied Nov. 27, 1942.

Horace E. Gunn and Louis Clements, both of Danville, Ill., H. H. Thomas, of Madison, Wis., Tim G. Lowry, of Chicago, Ill., and Matthew E. Murray, of Benton, Ill., for appellants.

Thurlow G. Essington, of Chicago, Ill., and Roy C. Martin and Carter Harrison. both of Benton, Ill., and Hamilton K. Beebe, of Chicago, Ill., for appellees.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a decree, entered December 23, 1941, wherein the defendants were permanently and perpetually enjoined from threatening or interfering with plaintiffs' operations in removing oil and gas from a tract of land in Franklin County, Illinois, described as follows: The Southwest Quarter of the Southwes Quarter of Section Twenty-five (25), Township ·Six (6) South, Range Two (2) East of the Third Principal Meridian.

There is no dispute but that the plaintiff, Chicago, Wilmington and Franklin Coal Company, by mesne conveyances, was vested with all the right, title and interest acquired by one Walter W. Williams as trustee, by virtue of a warranty deed dated June 30, 1905, in which Williams was grantee and one John H. Hill, grantor, and a quit claim deed from Hill to Williams, dated July 8, 1911. The Coal Company on September 6, 1940 executed an oil and gas lease to E. S. Adkins, to the premises in dispute, which lease was on October 4, 1940 assigned to the other plaintiff, H. H. Wegener.

The title to the oil and gas rights as claimed by both plaintiffs and defendants is dependent upon the effect to be given to the conveyances from Hill to Williams. Inasmuch as the quit claim deed from Hill to Williams conveyed the same property as the warranty deed and is in the same form, so far as material to any question here involved, it is unnecessary to relate its contents.

The warranty deed of June 30, 1905, in which Hill and his wife were grantors and Williams as trustee, grantee, so far as pertinent, conveys and warrants:

"All the coal, oil and gas in and under the North Half of the North West Quarter of Section Thirty Six (36) and the South Half of the South West Quarter and the North East Fourth of the South West Quarter of Section Twenty-Five (25), All in Township Six (6) South, Range Two (2) East of the Third P. M. in Franklin County, Illinois (except a strip of land heretofore deeded to the Continental Development Company, a Corporation of New Jersey * * *." The words "except a strip of land heretofore deeded to the Continental Development Company, a Corporation of New Jersey" furnish the basis for the controversy. Plaintiffs contend that the exception is void for uncertainty, and that title to the oil and gas underlying all the premises described in the deed passed to Williams. On the other hand, defendants contend that they were entitled to and did establish by parol testimony the description of the land referred to in the exception, and that Williams acquired no title to the oil and gas underlying said strip of land.

It is fair to the defendants to state that they also made the contention in the court below that the entire grant to Williams was void because of certain provisions which violated the rule against perpetuities. This precise contention, however, was by this court decided adversely to defendants in a case where the same deed was before us. Chicago, Wilmington & Franklin Coa Company et al. v. Herr, et al., 7 Cir., 127 F.2d 1010. We think the question was properly decided, and we shall not consider it further.

The land actually involved in the instant controversy, is therefore, limited to the strip excepted from the Hill conveyances to Williams, which, it is claimed, consisted of a strip one hundred feet in width across forty acres, which Hill had deeded to the Continental Development Company as a right of way for the construction of a railroad.

As already stated, plaintiffs contend that the exception was void for uncertainty and that since under the decisions of Illinois there was nothing reserved from the grant, it all passed to Williams. Defendants contend that the description of the strip of land excepted was proven by parol.

evidence and that title thereto did not pass to Williams. With this premise as a basis, defendants claim title by adverse possession. If the premise is unsound, however, it would seem to follow that their claim to title must fail. Nevertheless, we think defendants' contention should be further stated. On March 7, 1910, John H. Hill by warranty deed conveyed to Hugh J. Nolen the forty acres in dispute, excepting therefrom "a strip of land across said above described lands heretofore deeded to the Continental Development Company for a right of way." The deed further recited that it was "subject to a deed heretofore made by grantor to Walter W. Williams, conveying all the coal, oil and gas in and underlying said above described lands, together with certain rights to mine and remove the same." At the time of the execution of this deed, Nolen and his family were in possession of the land conveyed, and they and their heirs (defendants in the instant suit) have since had continuous and uninterrupted possession. The forty acre tract has been enclosed and farmed during all this time.

It is, therefore, argued that title to the one hundred foot strip in question was conveyed by Hill to the Continental Development Company (the strip excepted in the deeds from Hill to Williams), that there was no severance of the oil and gas rights from the surface thereof and that the defendants, by adverse possession, have acquired title both to the surface and to the oil and gas rights thereunder. The taxes were paid upon the surface of the forty acre tract by the defendants (or their predecessors in title) since the date of purchase, and taxes were paid upon the coal, oil and gas beneath said tract by plaintiffs (or their predecessors in title) since 1919. There seems no occasion to relate further the facts and circumstances relative to adverse possession, for the reason that such alleged title must fail, unless we accept defendants' construction of the deeds from Hill to Williams.

■ It was sought by parol testimony to prove the exception in the deeds from Hill to Williams, "except a strip of land heretofore deeded to the Continental Development Company." Plaintiffs proved by a competent abstractor that the deed referred to in the exception was not of record in the county in which the land was located. It was further shown that the Continental Development Company had long since gone out of existence, and a number of persons who in the ordinary course might have had knowledge concerning said deed testified that it could not be found and that they knew nothing concerning either its execution or existence. Plaintiffs, having proved that the deed was not recorded and that it could not be found or located, rested their case. Defendants then undertook and assumed the burden of proving the contents of the lost deed. There is some controversy here as to who should have carried such burden. The record, however, fully discloses that the case was tried and decided upon the theory that such burden was upon the defendants. Whatever view we might entertain under a different record, we see no reason to consider the matter on a theory at variance to that subscribed to by the parties in the court below.

■ Plaintiffs argue (1) that defendants failed to prove the execution and delivery of a deed from Hill to the Continental Development Company as referred to in the exception, and (2) even if so, the proof as to what was sought to be conveyed is so uncertain and indefinite as to void the conveyance. Defendants argue that plaintiffs are estopped to deny the execution and delivery of the deed mentioned in the exception. Undoubtedly, plaintiffs are estopped to deny the recitals in the deed by which they claim title. However, the deeds from Hill to Williams describe two hundred acres of land, and there is no way of ascertaining whether the exception applied to the forty acres in question or to one of the other tracts conveyed. At most, plaintiffs would only be estopped to dispute that there had been a conveyance from Hill to the Development Company of a strip from some tract of those conveyed. They would not be estopped to deny that a deed had been executed and delivered to the Development Company from this particular forty acres. Nor do we think they would be estopped to dispute a recital in the deed from Hill to Nolen long subsequent to the time when Williams acquired title. However, the matter of estoppel is of little consequence for the reason that we conclude, as did the lower court, that proof was made as to the execution and delivery of such deed. The total and decisive question is whether the proof sufficiently disclosed its contents.

There was testimony to the effect that about 1902 or 1903 a survey for a railroad right of way from Zeigler to Benton, Illi-

120

nois was made by the Continental Development Company. The right of way was one hundred feet wide, and a line of stakes was set to mark the middle thereof. There was only one survey made, and it extended across the forty acres in question. The railroad was not constructed. All stakes which marked the right of way have long since disappeared. Defendants, however, attempted to locate the strip of land as surveyed by the testimony of a witness who assisted in making the survey, and who at that time was 13 or 14 years of age. In fact, he surveyed the right of way across this forty, preparatory to becoming a witness in the case. This resurvey was made entirely from memory, and its accuracy is tainted with considerable doubt. However, if this testimony is to be accepted, the location of the original right of way survey was established.

This brings us to a consideration of the testimony relied upon, as proof that the deed from Hill to the Development Company described the right of way as surveyed. The sole testimony on this essential link in the chain of proof was given by an abstractor and notary public who testified in substance that he took and notarized a number of deeds for right of way purposes, including that of Hill to the Development Company. The deeds were prepared in advance, and attached to each was a plat showing the description of the land conveyed by the deed. The witness had no recollection of the description contained in the plat. All he pretended to remember was that the description called for a strip of land across the forty acres in dispute. He wasn't certain that the plat description called for the right of way strip as surveyed, as is shown by the following question and answer:

"Q. You don't know whether that plat was the plat they had of the survey, of your own knowledge? Do you know for sure? A. No, sir."

[3, 4] It might be surmised, we think, that the description contained in the plat was that obtained from the survey and that the latter could have been located by reason of the line of stakes which marked the center line thereof. However, the description contained in a lost deed cannot be established by surmise or speculation, but only by clear and convincing evidence. We must conclude, as did the District Court, that there was a failure of proof in this respect.

The opinion of the lower court, reported in 42 F.Supp. 81, cites and quotes from a number of Illinois authorities as to the degree of proof required to establish the contents of a lost deed. Reference is made thereto in support of our conclusion that the proof was insufficient.

■■ It therefore follows that the exception sought to be made in the deeds from Hill to Williams was so indefinite and uncertain as to render the same void, and that by reason thereof nothing was excepted from the grant described in those deeds. Attebery v. Blair, 244 Ill. 363, 372, 91 N.E. 475, 35 Am.St.Rep. 342. Higinbotham v. Blair, 308 Ill. 568, 572, 139 N.E. 909. In other words, title to all the coal, oil and gas rights underlying said premises was conveyed to Williams, which constituted a severance of such rights from those of the surface. It also follows that the defendants did not, by possession of the surface, acquire title to the coal, oil and gas rights theretofore severed therefrom.

As pointed out in the last paragraph of our opinion in Chicago, Wilmington & Franklin Coal Company et al. v. Herr, et al., supra, the deed provided for the payment of $50.00 per acre for the surface of the land, if and when taken. The decree makes no provision for such payment, and the cause is remanded so that the decree may be modified in this respect. Otherwise, it is affirmed.