**CHICAGO, WILMINGTON & FRANKLIN COAL CO. et al. v. FORD.**

**SAME v. JILEK et al.**

Nos. 8091, 8092.

Circuit Court of Appeals, Seventh Circuit.

Feb. 3, 1943.

Petition for Rehearing Withdrawn March 22, 1943.

See, also, 42 F.Supp. 200.

E. M. Runyard and Wm. R. Behanna, both of Waukegan, Ill. (John L. Gleason, of Benton, Ill., and W. L. Cunningham, of Arkansas City, Kan., of counsel), for appellant.

Thurlow G. Essington and Hamilton K. Beebe, both of Chicago, Ill., Roy C. Martin and Carter Harrison, both of Benton, Ill., for appellee Chicago, W. & F. Coal Co.

Charles E. Feirich and John K. Feirich, both of Carbondale, Ill., and Henry H. Harbour, of Du Quoin, Ill., and J. G. Van Keuren, both of Du Quoin, Ill., for appellee Adkins.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

These appeals involve a controversy over the right to produce oil from a forty-acre tract of land in Franklin County, Illinois. The issues are the proper contruction of deeds of conveyance and the determination of the oil interests created.

Chicago, Wilmington & Franklin Coal Company, by mesne conveyances, was vested with all the right, title and interest acquired by the Benton Coal Company, by virtue of a deed dated May 17, 1912, executed by J. T. Chenault and others, conveying "all the coal, oil, gas and other minerals underlying" the north half of the forty-acre tract, "absolutely and specifically granting the rights to mine and remove all the coal and other minerals underlying said land without any liability for surface subsidence caused by mining out of the coal or other minerals and from not leaving pillars or artificial supports under said land and the further right to make underground passages or entries through, to and from other mines and lands adjacent thereto, and with the right to the perpetual use of the same for mining purposes. It is also covenanted and agreed that the grantee herein, his heirs and assigns shall have the right to take and use as much of the surface of the said land as may be deemed necessary for the purposes of erecting, maintaining and operating hoisting, air pumping and escape shafts, drains, ditches and reservoirs and the necessary roadways and railroad tracks to and from the same, with the right of way for any railroad necessary or required to carry said coal to market; but all land the surface of which is so taken shall when occupied, be paid for at the rate of Fifty Dollars per acre. If the surface of any land that is occupied by buildings or other permanent improvements is taken, the full cash value of all such improvements shall be paid." Chicago, Wilmington & Franklin Coal Company was also vested with all the rights reserved by Walter W. Williams in the south half of the forty-acre tract, by virtue of a deed dated November 22, 1910, in which Williams was grantor and W. E. Doty was

grantee, the reservation being identical in form with the deed described in Chicago, etc., v. Herr, 7 Cir., 127 F.2d 1010. September 6, 1940, the Coal Company executed an oil and gas lease to E. S. Adkins covering the forty-acre tract. By mesne conveyances, John and Mary Jilek acquired title to the land and claimed the title to the oil and gas. On January 21, 1941, they executed an oil and gas lease to Wm. P. Ford.

After a hearing, the District Court made special findings of fact, stated its conclusions of law thereon, and entered a decree holding that the deed from Chenault to the Benton Coal Company transferred to the grantee therein, and that the deed from Williams to Doty reserved to the grantor named therein, title to all the oil and gas in and underlying the land in controversy herein, together with the right to go on the premises and drill for, produce and dispose of, the oil and gas; that title to the oil and gas in and underlying the premises, together with the right to mine and produce the same, is in the Chicago, Wilmington & Franklin Coal Company, subject to its lease to E. S. Adkins; and that the defendants have no right, title or interest in or to the oil and gas in or underlying the premises, or to the proceeds thereof.

The right to produce the oil and gas from the forty-acre tract is dependent upon the effect to be given to the conveyance from Chenault and the reservation contained in the deed to Doty.

■■■ Defendants-appellants contend that the deed to the Benton Coal Company did not convey the title to or the right to explore for or produce oil or gas, nor did the reservation in the Doty deed reserve the right to explore for or produce oil or gas from the land. It will be enough to say that like contentions were made and decided contrary to appellants' contentions in cases where deeds identical in form were before us. Chicago, etc., v. Minier, 7 Cir., 127 F.2d 1006 (certiorari denied, Howell v. Chicago, Wilmington & Franklin Coal Co., 63 S.Ct. 74, 87 L.Ed. ——); Chicago, etc., v. Herr, 7 Cir., 127 F.2d 1010; and Chicago etc. v. Menhall, decided November 2, 1942, 7 Cir., 131 F.2d 117, and more recently by the Supreme Court of Illinois in Jilek v. Chicago, etc., 47 N. E.2d 96, decided January 21, 1943.

■■■ The appellants next contend that title to the underlying oil and gas may be obtained by adverse possession of the surface and they assert that they have been in adverse possession of the land for more than twenty years, and that the mineral estate conveyed may be lost by nonuser or abandonment. This contention, too, was made in Jilek v. Chicago, etc., Illinois Supreme Court, supra. In disposing of the point the court said: "It is finally contended that the rights of the appellees were lost by adverse possession or by abandonment. As pointed out above, there was a complete severance of the mineral estate from the surface estate, and in such event the law is well settled there can be no adverse possession of the mineral estate by the owner of the surface estate, even though the latter hold an instrument which purports to constitute color of title to the whole estate in the land. Possession of the surface does not carry possession of the minerals. * * * Nor does nonuser or abandonment of the mineral interest terminate the estate."

■ Appellants also contend that the reservation in the deed from Williams to Doty violates the rule against perpetuities. The argument is that under the reservation Williams "would have the right to purchase not the use of the surface for so long as the necessity should continue in removing, saving and marketing the purchased minerals from the land, but in perpetuity without reference to how long it should be used." In answer, appellees say that violation of the rule against perpetuities is not involved; that they are not asking for a conveyance of any fee, and they claim that the rule applies only where the vesting is postponed beyond the time limited by the rule; that here the property rights in the oil and gas and the right to mine and remove vested at the time of the delivery of the deed. However that may be, we believe that what we said in considering a similar contention in the Herr case, supra, is applicable here. See also Jilek v. Chicago, etc., Supreme Court of Illinois, supra.

The appellants have raised other points which we have considered. They need no discussion, since we are convinced they are without merit and do not change the conclusion we have reached.

The decree of the District Court is affirmed.